ROBERTS, Justice.
This cause is here on appeal from a judgment of the Circuit Court of Leon County upholding the validity of Chapter 28150, Laws of Florida, Acts of 1953, F.S.A. § 465.011 et seq., and therefore reviewable by this court on direct appeal.
The relator Jacob Israel, appellant, is a New York pharmacist. His professional degree was awarded upon completion of a two-years’ training course of study in that state in 1925, and since that time he has been licensed there. The respondent Board, ap-pellees, denied his application for permission to take the examination, preliminary to registration in this state, upon authority of the cited law, Chapter 28150, which requires that applicants, in order to be eligible for examination, shall be graduates of an accredited four-year college of pharmacy. The ruling of the Board has, in this mandamus proceeding, been approved and the law upheld by the circuit court.
Appellant’s contention, briefly, is that the statute in controversy, insofar as it excepts from its terms those pharmacists already registered while excluding from eligibility for examination those such as appellant *673 who have academic training identical with that of others previously registered and currently practicing, deprives him of the equal protection of the laws and abridges his privileges and immunities as a United States citizen, contrary to Section 12, Declaration of Rights, Florida Constitution, F.S.A., and the Fourteenth Amendment to the United States Constitution.
The test in such disputes is clear: “It is well settled that a legislative classification should ‘have some just relation to, or reasonable basis in, essential differences of conditions and circumstances with reference to the subject regulated, and should not be merely arbitrary * * * Eslin v. Collins, Fla., 108 So.2d 889, 891. And the particular problem posed in this litigation does not appear to be novel. We are referred to a well reasoned and substantiated opinion of the Kansas court, relating to a statute requiring a diploma for the practice of dentistry but excluding from the requirement those already practicing:
“The legislature saw fit to permit those practicing in the state when the act was passed to continue to practice without diploma or other evidence of competency. It may be, as contended, that the fact of being in the practice is not the best test or evidence of skill and capability; but the courts have nothing to do with the expediency or wisdom of the standard of qualification fixed, nor with the tests adopted for ascertaining the same. The legislature proceeded upon the theory that the fact that they had been engaged in the practice within the state was sufficient evidence of their pi'oficiency in the profession. This fact is made by the legislature an evidence of skill and competency equivalent to a diploma from a dental college, and the wisdom of either test is a question for the legislature, and not for the courts. The act cannot be held to unduly discriminate between persons or classes, and unconstitutional because, it exempts those engaged in the practice within the state when the law was enacted from the necessity of obtaining a diploma. [Citing cases] All who enter the profession after the passage of the law are subject to the same.conditions.” State v. Creditor, 44 Kan. 565, 24 P. 346, 347.
This rule of prospective uniformity under these circumstances is, in our opinion, the prevailing, and proper view. Annotation 136 A.L.R. 219. The appellant concedes the possibility of creating a presumption, even conclusive, of competence in favor of previously registered or practicing pharmacists but contests a simultaneous exclusion of otherwise similarly situated parties from the right to demonstrate their .competence by examination. Reliance is placed chiefly on language from cases upholding statutes requiring examination of future applicants but exempting established practitioners. State v. Doran, 28 S.D. 486, 134 N.W. 53; State ex rel. Ford Hopkins Co. v. Mayor & Common Council, 226 Wis. 215, 276 N.W. 311.
We find no direct or substantial support for appellant’s position in the decisions cited. To the contrary, the rationale of cases sustaining separate classification of present practitioners for purposes of examination, i. e. the presumption of competence arising from acceptable performance for a given period of time within the governing jurisdiction, would sustain such classification for the purposes of other requirements directed to demonstration of competence preliminary to examination, such as the academic requirements here involved. Watson v. State of Maryland, 218 U.S. 173, 30 S.Ct. 644, 54 L.Ed. 987. The contested provisions of the statute, Chapter 28150, must be sustained as resting upon valid and legitimate grounds for classification in regulatory legislation of this nature.
The judgment appealed from is
Affirmed.
THOMAS, C. J., and TERRELL, HOB-SON, DREW, THORNAL and O’CON-NELL, JJ., concur.