356 So.2d 269 (1978)
Carmelos SOVERINO, Appellant,
v.
STATE of Florida, Appellee.
No. 51681.
Supreme Court of Florida.
February 23, 1978.
*270 Robert E. Jagger, Public Defender, and Robert Dillinger, Asst. Public Defender, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., and Davis G. Anderson, Jr. and C. Marie King, Asst. Attys. Gen., Tampa, for appellee.
SUNDBERG, Justice.
Appellant has prosecuted an appeal in this Court following an order of the trial judge denying his motion to dismiss. Because the order upheld the validity of Section 784.07, Florida Statutes (Supp. 1976), in the face of appellant's constitutional challenge to the statute, this Court has jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
On November 27, 1976, appellant was arrested by officers of the St. Petersburg police department for the offense of disorderly *271 intoxication. He was then transported to the police station to be booked. In the police station appellant struck a law enforcement officer in the mouth.
On December 13, 1976, a felony information was filed in the Circuit Court of the Sixth Judicial Circuit charging appellant with battery of a law enforcement officer pursuant to Section 784.07, Florida Statutes (Supp. 1976).[1] He was arraigned and pleaded not guilty.
On January 20, 1977, by a motion to dismiss, appellant challenged the constitutionality of Section 784.07 on the grounds that it reclassifies the offense of battery of a police officer from a misdemeanor of the first degree to a felony of the third degree, and that such reclassification in this instance is violative of equal protection of the law. The motion to dismiss was denied. Thereafter, appellant changed his plea to nolo contendere, specifically reserving his right to appeal the denial of the pretrial motion. Appellant was then sentenced to two years probation.
Appellant now contends that Section 784.07, Florida Statutes (Supp. 1976), is violative of his right to equal protection under the law because (1) it punishes more stringently those who commit assault or battery upon law enforcement officers or firefighters than those who commit the same act upon any other person, without there being any rational basis to support such disparity of treatment; (2) it vests unlimited discretion in the prosecutor to file, on identical conduct, either a felony or a misdemeanor information because the prosecutor may charge someone who commits an assault or battery upon a police officer under either Section 784.07, Florida Statutes (Supp. 1976), or Section 784.03, Florida Statutes (1975); and (3) it imbues the prosecutor with unlimited discretion to determine who constitutes a member of the class of "law enforcement officers" protected by the statute because the language of the statute specifically states that the term "law enforcement officer" is not limited to the officers enumerated in the statute. Because we find appellant's arguments unpersuasive, we uphold the constitutionality of Section 784.07, Florida Statutes (Supp. 1976), and affirm the order of the trial judge.
With respect to appellant's first point, the test to be utilized in examining whether a statutory classification satisfies the Equal Protection Clause is whether it rests on some difference bearing a reasonable relation to the object of the legislation. McLaughlin v. Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964); Gammon v. Cobb, 335 So.2d 261 (Fla. 1976); State v. Canova, 123 So.2d 672 (Fla. 1960). In the case sub judice, we find that such a reasonable relation exists. The statute reclassifies the offense only if the law enforcement officer or firefighter "is engaged in the lawful performance of his duties." Because the public welfare is protected by the performance of these duties, the legislature in its wisdom has chosen to accord greater *272 protection to one who performs these indispensable public services. When an officer is not performing his official duties, he is no longer protecting the public welfare and, consequently, the statute yields him no greater protection than that accorded to members of the general public. Thus, contrary to appellant's assertion that the legislature has created "an elite class of untouchables," in reality it merely has passed a law which fosters the public safety and welfare. See Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972); Holley v. Adams, 238 So.2d 401 (Fla. 1970).
With regard to his second point on appeal, appellant notes that prior to the enactment of Section 784.07, Florida Statutes (Supp. 1976), battery on a police officer constituted an offense under Section 784.03, Florida Statutes (1975), the misdemeanor statute. Since Section 784.03 was not repealed or modified by the enactment of Section 784.07, appellant suggests that the prosecutor may file under the felony or the misdemeanor statute. Appellant concludes this unbridled discretion in the prosecutor must invalidate the statute at issue. While we agree that the prosecutor has the discretion to charge under either Section 784.07, Florida Statutes (Supp. 1976), or Section 784.03, Florida Statutes (1975), when a police officer has been the victim of a battery, we cannot endorse appellant's conclusion that such discretion creates a constitutional infirmity. The prosecutor is often free to charge the accused under one of a number of statutes which overlap or duplicate one another. See Newman v. United States, 127 U.S.App.D.C. 263, 382 F.2d 479 (1967). As this Court stated in Fayerweather v. State, 332 So.2d 21 (Fla. 1976):
It is not unusual for a course of criminal conduct to violate laws that overlap yet vary in their penalties. Multiple sentences are even allowed for conduct arising from the same incident. See, e.g., Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Jenkins v. Wainwright, 322 So.2d 477 (Fla. 1975); Estevez v. State, 313 So.2d 692 (Fla. 1975), and Steele v. Mayo, 72 So.2d 386 (Fla. 1954). Traditionally, the legislature has left to the prosecutor's discretion which violations to prosecute and hence which range of penalties to visit upon the offender.
Id. at 22.
In sum, simply because the Government could have proven a violation by appellant of both Sections 784.03 and 784.07 but decided to prove its case under Section 784.07, appellant's right to equal protection is not violated. See United States v. Coppola, 296 F. Supp. 903 (D.C.Conn. 1969), 300 F. Supp. 932 (D.C.Conn. 1969), aff'd, 425 F.2d 660 (2d Cir.1969).[2]
Appellant also distinguishes Section 843.01, Florida Statutes (1975),[3] which statute is entitled "Resisting officer with violence to his person," from the enactment under which he was charged. Appellant maintains that while both statutes concern the impermissible touching of an officer, Section 843.01 requires the additional elements of knowingly and willfully resisting, obstructing or opposing the specifically designated class of officers by offering or doing *273 violence to the person of the officer while the officer is in the lawful execution of a legal duty. Conversely, Section 784.07 subjects the accused to prosecution for a felony without regard to the seriousness of the injury which he causes. Appellant concludes that the requirement of violence is just and reasonable in that it is a workable attempt to protect the officers from serious injuries without overextending the scope of a felony level statute. Consequently, while appellant concedes that Section 843.01 falls within the legislative purview of legislating for the public health, safety, morals, or general welfare, he argues that Section 784.07 does not.
Sections 843.01 and 784.07 will frequently overlap, and a prosecutor is imbued again with the discretion to decide under which statute he wishes to charge. Although appellant is correct in noting that Section 843.01 contains different elements which must be proven, it does not necessarily follow that Section 784.07 falls outside the legislative authority to denominate conduct as criminal. For the reasons heretofore stated, the legislature was well within its reach in enacting the challenged statute. In those situations where an accused may be charged under either statute but the elements of Section 843.01 are difficult to prove, Section 784.07 effectively "closes the gap" by permitting prosecution under the latter statute.
Finally, appellant contends that the statute gives the prosecutor the additional discretion of determining who constitutes a law enforcement officer, thereby allowing him to decide who is within the purview of the increased penalty aspect of Section 784.07, Florida Statutes (Supp. 1976). Appellant points to the language of the statute which states that "the term `law enforcement officer' includes, but shall not be limited to, any sheriff, deputy sheriff, municipal police officer, highway patrol officer, beverage enforcement agent, county probation officer, officer of the Parole and Probation Commission, and law enforcement personnel of the Game and Fresh Water Fish Commission and the Departments of Natural Resources and Criminal Law Enforcement." (Emphasis added.) We reject appellant's assertion. Under the well-established doctrine of ejusdem generis, where general words follow the enumeration of particular classes of persons, the general words will be construed as applicable only to persons of the same general nature or class as those enumerated, unless an intention to the contrary is clearly shown. See Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968); Dunham v. State, 140 Fla. 754, 192 So. 324 (1939); Children's Bootery v. Sutker, 91 Fla. 60, 107 So. 345 (1926). This rule of statutory construction is based on the principle that if the legislature had intended the general words to be used in their unrestricted sense, they would not have made mention of the particular classes. 82 C.J.S. Statutes § 332, pp. 658-60 (1953). Accordingly, the prosecutor may charge under Section 784.07, Florida Statutes (Supp. 1976), only those individuals specifically enumerated in the statute and those persons within the class of "law enforcement officers."[4]
Finding appellant's arguments to be without merit, we hold the statute to be devoid of the constitutional deficiencies asserted and, accordingly, affirm the order of the trial judge denying appellant's motion to dismiss.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, HATCHETT and KARL, JJ., concur.
NOTES
[1] § 784.07, Fla. Stat. (Supp. 1976), reads:

"Assault or battery of law enforcement officers or fire fighters; reclassification of offenses. 
"(1)(a) As used in this section, the term `law enforcement officer' includes, but shall not be limited to, any sheriff, deputy sheriff, municipal police officer, highway patrol officer, beverage enforcement agent, county probation officer, officer of the Parole and Probation Commission, and law enforcement personnel of the Game and Fresh Water Fish Commission and the Departments of Natural Resources and Criminal Law Enforcement.
"(b) `Firefighter' as used in this section shall mean any person employed by any public employer of this state whose duty it is to extinguish fires, to protect life or property, [or to enforce][*] municipal, county, and state fire prevention codes as well as any law pertaining to the prevention and control of fires.
[*] Note: Bracketed language substituted for "and the enforcement of" by the editors.
"(2) Whenever any person is charged with knowingly committing an assault or battery upon a law enforcement officer or firefighter while the officer or firefighter is engaged in the lawful performance of his duties, the offense for which the person is charged shall be reclassified as follows:
"(a) In the case of assault, from a misdemeanor of the second degree to a misdemeanor of the first degree.
"(b) In the case of battery, from a misdemeanor of the first degree to a felony of the third degree."
[2] We note that appellant might have an equal protection argument if a violation of the misdemeanor statute invariably constituted a violation of the felony statute. Palmore v. United States, 290 A.2d 573 (D.C. 1972). In the instant case, a violation of § 784.03 would not invariably constitute a violation of § 784.07.
[3] § 843.01, Fla. Stat. (1975), reads as follows:

"Resisting officer with violence to his person.  Whoever knowingly and willfully resists, obstructs, or opposes any sheriff, deputy sheriff, officer of the Florida Highway Patrol, municipal police officer, beverage enforcement agent, officer of the Game and Fresh Water Fish Commission, officer of the Department of Natural Resources, any member of the Florida Parole and Probation Commission or any administrative aid or supervisor employed by said commission, any county probation officer or any personnel or representative of the Department of Criminal Law Enforcement or other person legally authorized to execute process, in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
[4] If the prosecutor is in need of guidance in determining what individuals fall within the class of "law enforcement officers," he may look to § 790.001(8), Fla. Stat. (Supp. 1976), wherein that term is defined.