PER CURIAM.
Appellant was tried by jury and convicted of committing a battery upon a law enforcement officer in violation of Section 784.07, Florida Statutes (1977). His victim was a Leon County Jail Correctional Officer. Hunter appealed to this court, which affirmed on the ground that the issue of whether or not a county jail correctional officer is a law enforcement officer under the statute was not preserved for appeal because it was not first presented to the trial judge. Hunter v. State, 364 So.2d 15 (Fla. 1st DCA 1978). Appellant then filed a motion, pursuant to Rule 3.850, Florida Rules of Criminal Procedure, arguing the same point before the trial judge. Hunter now appeals the judge’s denial, after evi-dentiary hearing, of his motion. We reverse.
Section 784.07(l)(a) does not, by its terms, provide that county correctional officers are law enforcement officers:
As used in this section, the term “law enforcement officer” includes, but shall not be limited to, any sheriff, deputy sheriff, municipal police officer, highway patrol officer, beverage enforcement agent, county probation officer, officer of the Parole and Probation Commission, and law enforcement personnel of the Game and Fresh Water Fish Commission *439 and the Departments of Natural Resources and Criminal Law Enforcement.
The Florida Supreme Court, moreover, has held that “only those individuals specifically enumerated in the statute and those persons within the class of ‘law enforcement officers’ ” fall within the ambit of the statute. Soverino v. State, 356 So.2d 269, 273 (Fla.1978). The court also said that prosecutors may look to Section 790.001(8), Florida Statutes (1977), for a definition of law enforcement officers. Soverino, supra, n. 4.
Section 790.001(8)(d) states that “law enforcement officer” includes:
An employee of the state prisons or correctional systems who has been so designated by the Department of Offender Rehabilitation or by a superintendent of an institution . . . . (Emphasis supplied.)
Obviously, subsection (d) does not include a Leon County Jailer, because he is not an employee of the state prison system.
Appellee urges that Section 790.001(8)(e), which provides that “law enforcement officer” includes “[a]ll peace officers,” encompasses county correctional officers. Yet if subsection (d) specifically provides that state correctional employees are law enforcement officers, they may not logically be considered peace officers as well. This being the case, there is no reason to treat county correctional employees as peace officers. Had the legislature intended that county correctional officers be classed as law enforcement officers, it could have so stated in either of the statutes.
The conviction must be reversed because the trial court lacked jurisdiction over the appellant. Violation of Section 784.07 is a felony, but the victim was not, as we have stated, a law enforcement officer. Therefore, the most appellant could be charged with was battery, a first-degree misdemeanor. Section 784.03(2). Because no other felony was joined with the battery charge, the county court, not the circuit court, has jurisdiction over the appellant. Section 26.012(2)(d), Florida Statutes (1977); Section 34.01(1), Florida Statutes (1977).
Reversed and remanded with directions that appellant’s judgment and sentence be vacated.
MILLS, C. J., and McCORD and SHIVERS, JJ., concur.