RYDER, Judge.
This cause arose from an adjudication of delinquency. Three petitions for delinquency were filed against appellant, charging him with battery of a law enforcement officer in violation of sections 784.03 and 784.07, Florida Statutes (1981); resisting an officer with violence to his person in violation of section 843.01, Florida Statutes (1981); and possession of twenty grams or less of cannabis in violation of section 893.-13, Florida Statutes (1981). After a hearing, appellant was found guilty on all charges and adjudged delinquent. On appeal, he contends that the convictions should be reversed because the state failed to prove that a “campus policeman” was a law enforcement officer within the statutory definition of section 784.07, and failed to show that the substance which appellant had possessed was marijuana. After reviewing the record, we affirm all convictions.
Appellant was a sixteen-year-old student at Largo Senior High School. On January 18, 1982, he was in the boys’ restroom with two other students allegedly smoking a marijuana cigarette. Mr. Roy Street, a Pi-nellas County school system campus policeman, entered the restroom. He smelled the odor of marijuana and saw appellant standing by the toilet with a hand-rolled cigarette. Appellant immediately threw the cigarette into the toilet and a second student flushed it down. Mr. Street then told appellant he was under arrest for possession of marijuana and not to leave the restroom. Appellant punched Mr. Street and pushed by him to leave. Appellant was apprehended shortly thereafter. A third student, who had acted as lookout, testified that appellant had offered him a “quarter to a half joint” to finish before the bell rang, confirming that the substance at issue was marijuana.
In one of the delinquency petitions later filed against appellant, Mr. Street was described as “engaged in the lawful performance of his duty as a duly and legally constituted law enforcement officer of Pinellas County Campus Police.” Mr. Street is an employee of the Pinellas County School Board who responds to violations of law on the high school campus. For purposes of the matter sub judice, we must determine whether he is a law enforcement officer within the purview of sections 784.07 and 843.01, Florida Statutes (1981).
We begin with the definition of law enforcement officer as provided in section 784.07, Florida Statutes (1981), assault or battery of law enforcement officers or fire fighters, which states:
(l)(a) As used in this section, the term “law enforcement officer” includes, but shall not be limited to, any sheriff; deputy sheriff; municipal police officer; highway patrol officer; beverage enforcement agent; county probation officer; state, county, or municipal correctional officer; officer of the Parole and Probation Commission; parole and probation officer; and law enforcement personnel of the Game and Fresh Water Fish Commission and the Departments of Natural Resources and Law Enforcement.
The above provision does not include a reference to any type of school security personnel. See also section 790.001(8), Florida Statutes (1981).
In Soverino v. State, 356 So.2d 269 (Fla. 1978), the Florida Supreme Court construed the definition of law enforcement officer in section 784.07, Florida Statutes (Supp.1976), concluding that only those “individuals specifically enumerated in the statute and those persons within the class of ‘law enforcement officers’ ” will be recognized under the statute. In a footnote the court *625 indicated that section 790.001(8), Florida Statutes (Supp.1976), could provide additional guidance in interpreting the definition. Soverino at 273, n. 4. Therefore, we conclude that the intent of the court was to narrowly define the term “law enforcement officers” within the Florida Statutes.
We next examine chapter 75-486, Laws of Florida, as amended by chapter 76-477, a general act of local application, not included among the Florida Statutes at large.[1] The act relates solely to Pinellas County and authorizes the appointment of special officers by the Pinellas County School Board for the protection and safety of school personnel, property, and students within the school district. Section 2 of chapter 76-477 defines the powers of such officers as follows:
Each special officer shall have and exercise throughout the school district, the power to make arrests for any violation of law on the property of the School Board of Pinellas County, and to arrest persons, either on or off such property, who violate any law while on such property; provided such arrest authority is contained in a written agreement between the school board and the local law enforcement agency having jurisdiction within that geographic area as provided in section 3. Such arrests may be made under the same conditions under which deputy sheriffs make arrests. Each special officer shall have the authority to carry a weapon while in the performance of his official duty.
In the instant case, Officer Roy Street testified that he was a detective with the Pinellas County Campus Police and had been employed in that capacity for over two years. He presented drug programs throughout the school system as part of his duties and had special training in detecting marijuana. On the day of the incident, when he came upon appellant in the restroom, appellant knew that Mr. Street was a campus policeman from a prior incident. After the officer attempted to arrest appellant, he became belligerent and struck Officer Street.
In light of sections 784.07(1), 843.-01, and 790.001(8), Florida Statutes (1981), as well as chapter 75-486, Laws of Florida as amended by chapter 76-477, we hold that Roy Street was a law enforcement officer. He was duly authorized to arrest appellant for possession of marijuana on the property of a Pinellas County school. We further hold that when appellant struck Officer Street in the course of that arrest, he committed battery on a law enforcement officer and resisted arrest with violence. The cause is affirmed in its entirety.
AFFIRMED.
HOBSON, A.C.J., and CAMPBELL, J., concur.

. This act was brought to our attention by appellee in its motion for rehearing and it is through its force we altered our holding.