PER CURIAM.
The adjudication of delinquency for the offense of battery on a law enforcement officer, under Section 784.07(l)(a), (2), Florida Statutes (1983), is affirmed upon a holding that a security officer employed by the Dade County School Board is a law enforcement officer within the meaning of the above-stated statute. We reach this conclusion based on the following, briefly stated, legal analysis.
First, a law enforcement officer, as defined under Section 784.07(l)(a), Florida Statutes (1983), includes those persons who fall within the generic class of law enforcement officers; for guidance in determining which individuals fall within this generic class, one may look to Section 790.001(8)(a), Florida Statutes (1983). Soverino v. State, 356 So.2d 269, 273 (Fla.1978). Second, a law enforcement officer, as defined by Section 790.001(8)(a), Florida Statutes (1983), includes a school board employee having the legal authority to make arrests. Third, a security officer employed by the Dade County School Board has the legal authority to make arrests and carry concealed weapons under Chapter 70-519, Laws of Florida (1970), which was retained as a valid regulation of the Dade County School Board by Chapter 71-29(4), Laws of Florida (1971).
It therefore follows that the adjudication of delinquency for the offense of battery on a law enforcement officer, to wit: a security officer of the Dade County School Board, was properly entered below. Moreover, no attack is made on the adjudication of delinquency for the offenses of trespass and battery also entered below. The adjudication of delinquency under review is therefore in all respects
Affirmed.