PER CURIAM.
Appellant, a juvenile, was charged with violation of section 838.021(l)(a) and (3)(b), *300 Florida Statutes (Supp.1990), for threatening a police officer with death and bodily harm by way of petition for adjudication of delinquency. He was convicted for violating the statute, adjudicated delinquent, and sentenced to juvenile community control for nine months with some conditions including the assessment of a public defender’s fee. We affirm his conviction, but reverse the assessment of a public defender's fees without notice and hearing, and remand.
Appellant was stopped by Officer James Wright of the Fort Lauderdale Police Department for driving a car with the windshield smashed and driving without adult supervision on a restricted license. The officer, knowing that appellant only had a restricted license due to a prior traffic stop, had to pursue him for approximately eight blocks before being able to stop him.
According to the officer, appellant got out of the car, screaming that he was being harassed by the officer because the appellant had previously been arrested by the same officer, at which point the officer arrested appellant for operating the vehicle without a proper license. On cross-examination appellant acknowledged telling the officer he was going to blow him away, but said he had done so in order to make the officer mad, because the officer had joked with another officer, leaving appellant inside the hot police car. He also testified that he told the officer that he was going to kick his ass because he was mad at the officer for having previously arrested him.
The officer testified that appellant was so belligerent and aggressive that he had to take the threats seriously; described appellant as a very big juvenile who was not only larger, but also in better physical condition than himself; and said the threats continued throughout the time that appellant was in custody. On cross-examination, the officer acknowledged that the threats were made while appellant was under arrest and handcuffed, but the officer took the threats to his person seriously, notwithstanding the handcuffs.
Appellant acknowledges that he did not challenge the facial constitutionality of
section 838.021, Florida Statutes, at trial, but correctly argues that this can be raised for the first time on appeal. Trushin v. State, 425 So.2d 1126 (Fla.1982). The essence of appellant’s argument is that because the legislature failed to define the term “threat,” the statute is void for vagueness. The state argues that the statute is presumptively valid, citing Scullock v. State, 377 So.2d 682 (Fla.1979), and that the term “threat” is to be given its plain meaning which would be measured by common understanding and practice.
We reject all of appellant’s constitutional attacks upon the statute, following Smith v. State, 532 So.2d 50 (Fla. 2d DCA 1988), upon which the trial court also relied, and conclude City of Pompano Beach v. Capalbo, 455 So.2d 468 (Fla. 4th DCA 1984), to be inapposite. The term “threat” is sufficiently understandable to the person of ordinary intelligence to convey notice of the acts proscribed by the statute.
Appellant’s remaining point as to the sufficiency of the evidence does not, in our view, warrant discussion. See Smith however, we hold that the trial court erred in imposing a public defender’s fee without notice and a hearing. See Thomas v. State, 486 So.2d 69 (Fla. 4th DCA 1986).
GLICKSTEIN, WARNER and GARRETT, JJ., concur.