GOSHORN, Judge.
Darrell Harrison appeals[1] the judgment and sentence imposed, arguing that the trial court should have granted his motion to dismiss Count I because the State charged him with violating the penalty provision of a statute, rather than charging him with the substantive criminal act of corruption by threat against a public servant.[2] Additionally, Harrison asserts that the ehargé in Count II, battery, is factually and legally subsumed within Count I, and thus convicting him of both counts violates double jeopardy. The State responds that the trial court correctly denied Harrison’s motion to dismiss Count I because section 838.021(3)(a) is both a charging and a penalty provision. Further, because Harrison pleaded nolo contendere to both battery and corruption by threat against a public servant, the State contends that Harrison’s double jeopardy claim has been waived. We reverse in part and affirm in part.
At issue is the proper construction of section 838.021, Florida Statutes (1991) which provides:
*487 Corruption by threat against public servant.—
(1) Whoever unlawfully harms or threatens unlawful harm to any public servant, to his immediate family, or to any other person with whose welfare he is interested, with the intent or purpose:
(a) To influence the performance of any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty.
(b) To cause or induce him to use or exert, or procure the use or exertion of, any influence upon or with any other public servant regarding any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty.
(2) Prosecution under this section shall not require any allegation or proof that the public servant ultimately sought to be unlawfully influenced was qualified to act in the desired way, that he had assumed office, that the matter was properly pending before him, that he possessed jurisdiction over the matter, or that his official action was necessary to achieve the person’s purpose.
(3)(a) Whoever unlawfully harms any public servant or any other person with whose welfare he is interested shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.Ó84.
(3)(b) Whoever threatens unlawful harm to any public servant or to any other person with whose welfare he is interested shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Harrison was charged by information with violating subsection (3)(a) of the above statute. He pleaded nolo contendere, reserving his right to appeal the denial of his motion to dismiss in which he contended that subsection (3)(a) is merely a penalty provision contained within section 838.021. Harrison argues on appeal that because the State admitted he did not violate subsections (1)(a) or (b) of the statute, he cannot be convicted. See Dixon v. State, 603 So .2d 570, 571 (Fla. 5th DCA) (finding that a defendant cannot be convicted of a crime unless the state proves all necessary elements of the crime and that crime must be properly charged), review denied, 613 So.2d 9 (Fla.1992). To support his argument, Harrison correctly points out that criminal statutes are to be construed strictly against the state and in favor of the accused. See Reino v. State, 352 So.2d 853, 860 (Fla.1977), receded from on other grounds, Perez v. State, 545 So.2d 1357 (Fla.1989); see also Allure Shoe Corp. v. Lymberis, 173 So.2d 702 (Fla.1965) (finding that penal statutes must be strictly construed in favor of the person against whom the penalty is sought to be imposed).
Although no court has addressed the precise issue on appeal, several courts have interpreted section 838.021. Harrison cites State v. Slaughter, 574 So.2d 218 (Fla. 1st DCA 1991), and this court’s decision in Bragg v. State, 475 So.2d 1255 (Fla. 5th DCA 1985) to support his argument, while the State contends that In the Interest of P.J., 579 So.2d 299 (Fla. 4th DCA) review dismissed, 583 So.2d 1036 (Fla.1991), and Smith v. State, 532 So.2d 50 (Fla. 2d DCA 1988) mandate affirmance.
In Slaughter, the defendant was charged with unlawfully threatening harm to a public servant under section 838.021. The trial court found that section 838.021(3)(b)[3] violated the equal protection clause because it did not relate the threats to the public servant’s performance of his or her duty. The Second District reversed, finding that under the general rules of statutory construction, “the statute properly relates the proscribed threats to public servants to an intent to influence or affect the performance of the public servant’s duties.” Id. at 220 (emphasis added) (citations omitted). The court opined:
Although the manner in which the statute is phrased and punctuated impairs its clarity, legislative intent can be gleaned from a reading of the statute as a whole, particu *488 larly by considering subsection (1) together with subsection (3). Subsection (1) defines the proscribed offense. Subsection (3) sets forth the penalties for violation of subsection (1), and “is designed to protect public officials in the discharge of their duties without unlawful intimidation.” ... When read together, these provisions evince legislative intent to protect public servants from coercion or unlaivful influence in the performance of a discretionary public duty.
Id. at 220 (quoting Smith, 532 So.2d at 52) (emphasis added).
In Bragg, defendant Bragg was convicted of threatening a public servant under section 838.021, Florida Statutes (1983) when he warned a deputy sheriff that Bragg would kill the deputy if the deputy did not leave Bragg’s property. The deputy came to the home with no warrant and had no probable cause to arrest Bragg. This court reversed the conviction because “the elements of the crime require proof of a threat of unlawful harm to a public servant to influence the person threatened to do, or not do, some discretionary act.” Id. at 1257 (emphasis added). The court reasoned that “there was no evidence that ... [Bragg] did anything to corruptly influence the deputy.” Id.
The State responds that Bragg is not controlling because the defendant was charged under section 838.021 in general, and the court only discussed subsections 838.021(l)(a) and (b) which do require the defendant to possess the intent to influence a public servant’s decision. We do not find the State’s attempt to distinguish Bragg convincing. Likewise, we find the cases that the State cites do not support its contention that subsection 838.021(3)(a) is a crime within itself. In In the Interest ofP.J., the Fourth District held only that section 838.021 was not unconstitutionally vague. We acknowledge that in a footnote, the Second District in Smith indicated that the defendant had been convicted, inter alia, of violating subsection 838.-021(3)(b). However, when the opinion is read in its entirety, the Second District clearly recognized that “[subjection 838.021(3)(b) is designed to protect public officials in the discharge of their duties without unlawful intimidation.” That is the precise conduct proscribed by subsections 838.021(l)(a) and (b) and the same conduct the State concedes that Harrison did not engage in sub judice.
We also agree with Harrison’s contention that there would have been no purpose in including the requirements promulgated in subsections (l)(a) and (b), that one who harms a public servant have the intent to influence his or her decision, if a conviction under (3)(a) would result in the same penalty. Also, it is important to note that Chapter 838 is entitled “Bribery; Misuse of Public Office,” which exemplifies that it deals with one’s manipulating a public servant’s decision-making ability. Moreover, section 838.-021’s legislative history supports Harrison’s interpretation. It states:
COMMENT: We have added a new offense designated “corrupt influence” and suggested by the Model Penal Code. The present Florida law does not specifically cover the situation where a public servant’s official behavior is improperly influenced by means of an unlawful threat, except as may fall under. § 836.05, F.S.[4] In our view, forcing or attempting to force an official to do an act inconsistent with the proper performance of his duties should receive the same penal sanction and punishment as offering pecuniary benefit.
Joint Comm, on Criminal Justice, Third Tentative Draft (Mar.1973) (emphasis added) (footnote added). Accordingly, we hold that subsection 838.021(3)(a) merely enumerates the penalty imposed for a conviction pursu *489 ant to subsections (l)(a) or (b) and that the court’s denial of Harrison’s motion to dismiss Count I was error. We, therefore, reverse Harrison’s conviction and sentence for violating subsection 838.021(3)(a). We, however, affirm his conviction for Count II, battery. Harrison’s double jeopardy claim is moot in light of our holding.
REVERSED IN PART; AFFIRMED IN PART.
W. SHARP and DIAMANTIS, JJ., concur.

. We treat Harrison's improvidently filed notice of appeal as a petition for writ of habeas corpus, grant the writ, and consider the merits of his underlying action.

. § 838.021(1)(a) and (b), Fla.Stat. (1991).

. Although Slaughter involved the interpretation of subsection (3)(b), that subsection clearly parallels subsection (3)(a), and thus, the court’s reasoning is applicable to the present case.

. Section 836.05, Florida Statutes (1991) states: Threats; extortion. — Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his will, shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.-083, or s. 775.084.