FORST, J.
Defendant Roland Marsh (“Defendant”) was charged by information with one count of carrying a concealed firearm. Defendant responded with a motion to suppress, which led to the trial court dismissing the information against Defendant. Upon review of the State’s appeal of the order dismissing the information, we reverse and remand for further proceedings because we find, taking the facts in the light most favorable to the State, that the State presented a prima facie case of carrying a concealed firearm.
Background
The arresting officer came into contact with Defendant during a probation sweep. The officer was there for “security” purposes while the probation officers conducted the sweep. As the officer approached the home that was the subject of the probation sweep, he noticed Defendant and another man “hiding behind a vehicle and squatting behind the vehicle.” Defendant was not on probation, but the other man was the subject of the probation sweep. Both men were asked to step from behind the vehicle and were immediately patted down for weapons. After conducting this pat-down, the officer “did a quick glance of the area [where the men were seen hiding]” and, using his flashlight, “observed a weapon above the wheel well on the back tire of the vehicle.” Defendant then told the officer that the weapon was his.
Defendant was charged by way of information with carrying a concealed firearm. Defendant moved to suppress the firearm by arguing, among other things, that the undisputed facts were insufficient to prove concealment as a matter of law. The trial court treated the suppression motion as a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The trial court then dismissed the information based on Dorelus v. State, 747 So.2d 368 (Fla.1999), because “[the officer] saw in plain view a firearm on top of the rear tire of the driver’s side .... ” The trial court, therefore, found that “Defendant was not carrying the firearm in such a manner as to be hidden from ordinary sight.”
Standard of Review
A trial court’s ruling on a motion to dismiss is reviewed de novo. State v. Hinkle, 970 So.2d 433, 434 (Fla. 4th DCA 2007). “The state need only establish a prima facie case and ⅛ entitled to the most favorable construction of evidence, and all inferences should be resolved against the defendant.’ ” Id. (quoting State v. Pasko, 815 So.2d 680, 681 (Fla. 2d DCA 2002)).

Dorelus v. State

Section 790.01(2), Florida Statutes (2012), provides: “A person who carries a concealed firearm on or about his or her person commits a felony of the third degree ....” A “concealed firearm” is defined as “any firearm ... which is carried on or about a person in such a manner as to conceal the firearm from the ordinary sight of another person.” § 790.001(2), Fla. Stat. (2012). Under section 790.001, “ordinary sight of another person” means “the casual and ordinary observation of another in the normal associations of life.” Dorelus, 747 So.2d at 371 (quoting Ensor v. State, 403 So.2d 349, 354 (Fla.1981)). These statutes “explicitly define ‘concealed firearm’ ... by focusing on the ‘manner’ in which the weapon is carried on or about the person.” Id. “[T]he issue of concealment is ordinarily an issue for the trier of fact.” Id. (emphasis in original).
*1090 In Dorelus, the Florida supreme court listed variables that a trial court should consider when determining whether a firearm is concealed as a matter of law:
While the statute does not allow for hard-and-fast rules, variables that can be taken into consideration by the trial court in evaluating whether the weapon has been carried in such a manner as to be hidden from ordinary sight include the location of the weapon within the vehicle, such as the floorboard, the seat, a seat pocket, or an open console. The court should also consider whether, and to what extent, the weapon was covered by another object, such as a sheet or towel. In addition, although the specific intent of the defendant to conceal the weapon is not an element of the crime, the court may consider testimony that the defendant utilized his body in such a way as to conceal a weapon that would otherwise have been detectable by ordinary observation.
Id. (emphasis in original). The Dorelus opinion also noted that “a statement by the observing officer that he or she was able to ‘immediately recognize’ the questioned object as a weapon may conclusively demonstrate that the weapon was not concealed as a matter of law because it was not hidden from ordinary observation.” Id. at 372 (emphasis added). “However, ‘magic words’ from the arresting officer that he or she ‘immediately recognized’ the object as a firearm are not the only method to resolve the issue of concealment as a matter of law.” Id. at 373. In any event, “common sense should prevail [and] ... [t]he focus should remain on whether the weapon was carried in such a manner as to conceal it from ordinary sight.” Id. at 372 (emphasis in original).
In finding that the firearm was not concealed as a matter of law, the court in Dorelus noted:
[T]he gun was located in an open console underneath the radio and the officer observed the shiny silver butt of a gun sticking out of the console. There is no indication that the firearm was covered in any manner, no indication of any attempt on the defendant’s part to hide the presence of the firearm, and no indication that the police officer had any difficulty recognizing the object as a firearm.
Id. at 373 (emphasis added).
Analysis
The trial court in the instant case dismissed the information against Defendant based on Dorelus. Using only portions of that case, it is certainly conceivable to infer that one cannot be said to have “concealed” — as a matter of law — that which is immediately recognizable by officers as a firearm. The entirety of the Dorelus opinion, however, does not dictate such logic. Dorelus explicitly states that an officer’s immediate recognition of the object as a firearm, while relevant to the issue of concealment, is “not the only method to resolve the issue of concealment as a matter of law.” Id.
Unlike Dorelus, there was evidence in this case — especially when drawing all reasonable inferences in favor of the State — that Defendant attempted to position the firearm “in such a manner as to conceal the firearm from the ordinary sight of another person.” § 790.001(2), Fla. Stat. (2012); contra Dorelus, 747 So.2d at 373 (“There is ... no indication of any attempt on the defendant’s part to hide the presence of the firearm .... ”). By placing the firearm in the wheel well of the vehicle next to which Defendant was seen “crouching” and/or “hiding,” one may certainly surmise (by an exercise of “common sense”) that such placement of the firearm was an attempt to conceal the weapon *1091 from the ordinary sight of another person within the meaning of the statute — even if the attempt was insufficient to shield the firearm from the perceptive gaze of the officer who also happened to be standing at the perfect vantage point to see the gun. In fact, the arresting officer testified that he was able to see the gun only because he “got a good angle.”
Conclusion
“[T]he issue of concealment is ordinarily an issue for the trier of fact.” Dorelus, 747 So.2d at 371 (emphasis in original). Taking all of the facts of this case in the light most favorable to the State, we find that the issue of concealment was improperly determined by the trial court as a matter of law. Accordingly, we reverse the order dismissing the information against Defendant. Because Defendant raised other issues in his motion to suppress, we remand for the trial court to reconsider Defendant’s motion consistent with this opinion.

Reversed and Remanded for further proceedings.

GROSS and GERBER, JJ„ concur.