FORST, J.
In this case, the State appeals the dismissal of an information charging Appellee Nicole Paez with the sale, delivery, or possession of oxycodone. We reverse the dismissal and remand for the case to proceed.
Background
Appellee was arrested following a traffic stop during which the officer discovered oxycodone, specifically 28 Percocet pills. In her motion to dismiss, Appellee claimed that the Percocet was prescribed to her and to a Mend of hers whom she was driving to doctor appointments. Relying on the prescription defense described in Shedd v. State, 137 So.3d 456, 458-59 (Fla. 4th DCA 2014), Appellee claimed that her possession of the Percocet was not in violation of the law. The State filed a traverse to the motion to dismiss in which it admit *806 ted most of the facts in that motion;[1] However, the traverse also included six additional facts. Most pertinent here are the allegations that, at the time of the traffic stop, Appellee stated she bought the Percocet pills from someone at work, that she was going to give some of them to her boyfriend for his back pain, and that she knew she should not have had the pills without a proper prescription.
Analysis
“A trial court’s ruling on a motion to dismiss is reviewed de novo.” State v. Marsh, 138 So.3d 1087, 1089 (Fla. 4th DCA 2014). The question is whether, when the evidence is viewed in the most favorable light to the State and all inferences are resolved against the defendant, the State has established a prima facie case. Id. Facts supporting the prima facie case may be made in a traverse after the filing of a motion to dismiss. State v. Kalogeropolous, 758 So.2d 110, 112 (Fla.2000). “In considering a [Florida Rule of Criminal Procedure 3.190](c)(4) motion [to dismiss,] the trial judge may not try or determine factual issues nor consider the weight of conflicting evidence or the credibility of witnesses in determining whether there exists a genuine issue of‘material fact. If material factual allegations of a(c)(4) motion are denied or disputed in the traverse, denial of the motion to dismiss is mandatory.” State v. Lewis, 463 So.2d 561, 563 (Fla. 2d DCA 1985) (citation omitted).
The evidence, when viewed in the light most favorable to the State, supports the conclusion that Appellee purchased Percocet without a prescription at her work and was on her way to deliver those pills to her boyfriend who also did not have a prescription. It is true that there is other evidence that the Percocet was Obtained under -Appellee’s own prescription and under a prescription for her friend, both situations that may support the prescription defense described in Shedd. But at this stage of the proceedings it is not the place of this Court or the trial court to weigh this evidence. At this point, the evidence must be viewed in the light most favorable to the State, and when that light is cast a prima facie case is illuminated.
Conclusion
Because the State has alleged facts sufficient to establish a prima facie case, even though Appellee has alleged other facts that could defeat such a case, we reverse the trial court’s dismissal of the information and remand for further proceedings.

Reversed.

GROSS and LEVINE, JJ., concur.

, The facts the State did not admit are not relevant on appeal.