[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14043
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00299-JA-TBS-1


UNITED STATES OF AMERICA,

                                                     Plaintiff-Appellee,

versus

CHRISTOPHER OMAR CAMPBELL,

                                                     Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 17, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Christopher Omar Campbell appeals from the district court's revocation of his supervised release. Campbell contends the district court erred because the evidence was insufficient to conclude he violated the terms of his supervised release by carrying a concealed firearm in violation of Florida law. *See* Fla. Stat. § 790.01(2). After review,[1] we affirm.

Campbell acknowledges the evidence establishes both that he possessed a handgun and that he hid the handgun in the wheel well of a nearby car, after he was confronted by a police officer. He asserts, however, that because he walked away from the vehicle after concealing the handgun in the wheel well, he was no longer "in close proximity to it" at the time he was arrested. Thus, the Government could not establish the concealed firearm was "on or about [his] person" at the time of his arrest. *See Bailey v. State*, 442 So. 2d 385, 386 (Fla. 2d DCA 1983) ("A firearm is on or about one's person if it is in close proximity to him within his easy reach.").

When Campbell concealed the handgun in the wheel well, it was undeniably in close proximity to him. Thus, the district court reasonably inferred he was carrying a concealed firearm at that point in time. *See State v. Marsh*, 138 So. 3d 1087, 1090–91 (Fla. 4th DCA 2014) ("By placing the firearm in the wheel well of

---

[1] "We generally review a district court's revocation of supervised release for an abuse of discretion." *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010). We must accept a district court's findings of fact unless clearly erroneous. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993).

the vehicle next to which Defendant was seen 'crouching' and/or 'hiding,' one may certainly surmise (by an exercise of 'common sense') that such placement of the firearm was an attempt to conceal the weapon from the ordinary sight of another person within the meaning of the statute . . . ."). Whether Campbell walked away from the weapon moments before he was arrested does not negate his prior possession of the concealed firearm under the meaning of the statute. Accordingly, the evidence was sufficient for the district court to conclude Campbell possessed a concealed firearm in violation of Florida law.

**AFFIRMED**.