DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID PUY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-724

[April 15, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Colbath, Judge; L.T. Case No. 502018CF005136A.

Gregory Salnick of the Law Offices of Salnick & Fuchs, P.A., West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, C.J.

Appellant posted a still photo of himself on social media. Under the photo was the caption, "On my way! School shooter." A student at appellant's former high school saw it and eventually an investigation and arrest resulted. The trial court denied appellant's motion to dismiss. Appellant pled nolo contendere with both parties agreeing that the issue on appeal was dispositive. Appellant argues that the trial court erred in not granting the motion to dismiss because the posting was vague and subject to interpretation, and he was not a threat to the school. We find the trial court did not err in denying the motion to dismiss since there remained a material fact at issue, that being the interpretation of appellant's posting on social media. In this case, that interpretation should be made by the factfinder and not by a sworn motion to dismiss. As such, we affirm.

Appellant posted on "Snapchat," a social media application, a still photo of himself with the caption, "On my way! School shooter." A student at appellant's former high school saw that Snapchat posted on appellant's Snapchat account and subsequently showed it to a teacher. Law

enforcement was brought in to investigate. Appellant was charged with violating section 836.10, Florida Statutes (2018), which states the following:

> Any person who writes or composes and also sends or procures the sending of any letter, inscribed communication, or electronic communication, whether such letter or communication be signed or anonymous, to any person, containing a threat to kill or to do bodily injury to the person to whom such letter or communication is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter or communication is sent, **or any person who makes, posts, or transmits a threat in a writing or other record, including an electronic record, to conduct a mass shooting or an act of terrorism, in any manner that would allow another person to view the threat**, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(emphasis added).

Appellant moved to dismiss the charges pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), which allows for the filing of a motion to dismiss on grounds that "[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." Appellant claimed that he made the posting while on his way to meet friends at a restaurant and that he did not, in fact, plan to commit any shooting. Appellant argued that the posting was vague, subject to different interpretations, and that he was "not a threat in any way to shoot up a school."

Appellant introduced evidence that the expression "school shooter" was common among high school students and even heard in college as an "inappropriate joke." Further, one of the investigating officers agreed during his testimony that appellant's posting was subject to different interpretations. The other officer testified that appellant admitted it was his posting and that appellant posted it roughly fifteen hours earlier as he was meeting friends at a restaurant. When the officer was asked if appellant said he was joking, the officer stated, "I don't know if he said joking, but I asked him why did he write that. He said, 'I wasn't thinking.'" Finally, appellant denied to the law enforcement officer that he had any intentions to commit a school shooting.

2

The state filed a demurrer and traverse to appellant's motion to dismiss. Although the state adopted appellant's facts in part, it disputed appellant's explanation. The state asserted that appellant offered an alternate explanation for the posting which "is not adopted, nor relevant at this stage of the proceedings." The state concluded that the case should be sent to "a Jury as there is a factual question that must be answered by a finder of fact." The trial court denied appellant's sworn motion to dismiss and accepted appellant's plea of nolo contendere, with the agreement that the denial of the motion to dismiss was a dispositive motion that could be appealed. Appellant appeals the trial court's denial of the sworn motion to dismiss.

We review the trial court's ruling on a motion to dismiss de novo. *State v. Paez*, 201 So. 3d 804, 806 (Fla. 4th DCA 2016). "The question is whether, when the evidence is viewed in the most favorable light to the State and all inferences are resolved against the defendant, the State has established a prima facie case." *Id.*

"The purpose of such a motion is to test the legal sufficiency of the underlying case, i.e. whether there is a dispute of material fact (not just a dispute of unsupported conclusory allegations) or whether there exists a legal defense that would summarily decide the case." *State v. Paredes*, 191 So. 3d 936, 940 (Fla. 4th DCA 2016) (citation omitted). A rule 3.190(c)(4) motion should be granted "only where the most favorable construction to the state would not establish a prima facie case of guilt." *State v. Hunwick*, 446 So. 2d 214, 215 (Fla. 4th DCA 1984). "[T]he trial judge must look only to the *prima facie* sufficiency of the alleged facts; the trial judge may not evaluate the evidence." *State v. Atkinson*, 490 So. 2d 1363, 1365 (Fla. 5th DCA 1986). "Criminal Procedure Rule 3.190(c)(4) motions should be granted rarely, for in most cases there are factual disputes that are properly to be resolved by the jury." *Hunwick*, 446 So. 2d at 215.

The version of the statute appellant was charged under resulted from an amendment following the decision in *J.A.W. v. State*, 210 So. 3d 142 (Fla. 2d DCA 2016). Prior to March 2018, section 836.10 stated:

> Any person who writes or composes and also sends or procures the sending of any letter, inscribed communication, or electronic communication, whether such letter or communication be signed or anonymous, *to any person, containing a threat* to kill or to do bodily injury *to the person to whom such letter or communication is sent,* or a threat to kill or do bodily injury to any member of the family of the person

3

to whom such letter or communication is sent commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(emphasis added).

In *J.A.W.*, a juvenile posted several statements on Twitter, a social media platform, such as "can't wait to shoot up my school" and "school getting shot up on a Tuesday." 210 So. 3d at 143. The court reversed the conviction because all the threats "were not sent *directly* to the alleged victims or their families as prohibited under the plain language of section 836.10." *Id.* After *J.A.W.*, section 836.10 was amended. Now the plain language of section 836.10 does not require that the individual send the threat "directly" to any particular person, as was required in the prior iteration of this statute. Unlike the prior statute, the present statute is invoked by the mere act of posting the threat on social media, regardless of whether it is directed to an individual.

We agree with the trial court and find that, when viewing the evidence in the record in the light most favorable to the state, with all inferences resolved against appellant, a prima facie case exists where a jury could determine that appellant's posting did in fact constitute a threat to conduct a mass shooting at school. Section 836.10 does not define "threat." However, in *In Interest of P.J.*, 579 So. 2d 299, 300 (Fla. 4th DCA 1991), where the legislature did not provide a definition for "threat" in another statute, this court held that "threat" was "to be given its plain meaning which would be measured by common understanding and practice." Merriam-Webster online dictionary's first definition for "threat" is "an expression of intention to inflict evil, injury, or damage." Threat, Merriam-Webster, https://www.merriam-webster.com/dictionary/threat (last visited Apr. 13, 2020). *See also* Webster's Third New International Dictionary 2382 (2002) (defining "threat" as "an expression of an intention to inflict evil, injury, or damage").

The Second District has stated that whether a written communication constitutes a threat under section 836.10 depends on whether the message was "sufficient to cause alarm in reasonable persons." *See Smith v. State*, 532 So. 2d 50, 53 (Fla. 2d DCA 1988). Other cases involving different statutes have similarly held that whether a statement is a threat is a question of fact for the jury. *See Strachan v. State*, 279 So. 3d 1231, 1238 (Fla. 4th DCA 2019) ("Even if the trial court did not understand the third text to be a threat, that was a question for the jury, not the trial court, in determining the credibility of the defendant's self-defense claim."); *Gill v. State*, 622 So. 2d 92, 93-94 (Fla. 2d DCA 1993) ("Whether

4

a statement or other communication constitutes a true threat which has the probable consequence of causing reasonable apprehension in the hearer is [also] a question of fact for [a] jury.") (citation and quotation marks omitted) (alterations in original); *State v. Jenkins*, 522 So. 2d 890, 890 (Fla. 2d DCA 1988) ("[W]hether defendant's conduct constituted a threat to cause serious personal injury and whether the victim had a reasonable belief that defendant had the ability to carry out that threat are for the jury to decide."); *State v. McGraw*, 474 So. 2d 289, 290 (Fla. 3d DCA 1985) ("Whether a particular communication constitutes a true threat which has the probable consequence of causing reasonable apprehension in the hearer is a question of fact for the jury.").

In a recent case involving section 836.10, *State v. Cowart*, No. 5D19-681, 2020 WL 740253, at *3 (Fla. 5th DCA Feb. 14, 2020), the Fifth District found that the state made a prima facie showing that the defendant's Snapchat message was "sufficient to cause alarm in reasonable persons." (citation omitted). The Snapchat message in *Cowart* was made by a current high school student and "depicted a scoped AR-15 rifle with an extended, large capacity magazine and had the caption, 'Show and Tell @NM on Monday.'" *Id.* at *1. The Fifth District concluded that the reasonableness of the recipient's perception of the post as a threat was a matter for the jury to determine. *Id.* at *3. Like in *Cowart*, here, the state made a prima facie showing that appellant's Snapchat message was sufficient to cause alarm in a reasonable person and thus was a threat such that appellant was not entitled to dismissal of the information.

Appellant argues that his actions could not constitute a threat. Specifically, he argues that his posting was vague and made fifteen hours earlier, belying any immediacy of action. Appellant maintains that he was not a threat to anyone or the school. That argument may or may not have been successful to a factfinder. The issue for this court is to determine whether, at this juncture of the proceedings, dismissal was warranted. We find that the trial court did not err and that only a jury in this case could have made these factual determinations.

Because there was a question of material fact to be decided by the factfinder—whether the posting was a threat under the statute—the trial court correctly denied appellant's motion to dismiss. As such, we affirm.

*Affirmed.*

CIKLIN and GERBER, JJ., concur.

\*　　　\*　　　\*

5

*Not final until disposition of timely filed motion for rehearing.*