377 So.2d 682 (1979)
Willie Arthur SCULLOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 55739.
Supreme Court of Florida.
November 21, 1979.
Jack O. Johnson, Public Defender, and Karal B. Rushing, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
OVERTON, Justice.
This is an appeal from a circuit court's judgment which directly upheld the constitutional validity of that portion of section 843.01, Florida Statutes (1977), which makes unlawful an offer to do violence to a law enforcement officer. We have jurisdiction[1] and affirm.
The relevant facts reflect that the appellant, Willie Arthur Scullock, entered the apartment of Joyce Williams on the night of July 10, 1978. He refused to leave upon her request and subsequently forced Ms. Williams from the apartment. Police officers, summoned by Ms. Williams, informed Scullock that he was under arrest for trespassing and ordered him to leave the apartment. Scullock refused to exit and threatened to shoot anyone attempting entry into the apartment. Ms. Williams informed the police that Scullock was armed with a .22 caliber revolver. Upon Scullock's surrender, approximately two hours after police arrival, officers did seize a .22 caliber pistol inside the apartment. Scullock was subsequently convicted on two counts of resisting arrest with violence in violation of section 843.01, Florida Statutes (1977).
Section 843.01, Florida Statutes, states in relevant part:

*683 Whoever knowingly and willfully resists ... any sheriff [or legal officer] ... in the execution of legal process ... by offering or doing violence to the person of such officer ... shall be guilty of a felony of the third degree... .
The appellant moved to dismiss the information, contending that section 843.01 was unconstitutional and specifically asserting that the phrase "by offering ... violence" was unconstitutionally vague. The trial court denied the motion. Appellant subsequently pleaded nolo contendere, specifically reserving the right to appeal the motion to dismiss.
Allegations concerning vagueness of criminal statutes are regularly before this Court, and the guidelines and standards to be applied in determining whether a statute is vague are well established. Clearly, due process requires that a person of common intelligence must be able to discern the activity sought to be proscribed by statute. Linville v. State, 359 So.2d 450 (Fla. 1978). A statute will be considered unconstitutionally vague if it fails to convey a "sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Roth v. United States, 354 U.S. 476, 491, 77 S.Ct. 1312, 1313, 1 L.Ed.2d 1498, 1499 (1957); see State v. Dye, 346 So.2d 538 (Fla. 1977); Washington v. State, 302 So.2d 401 (Fla. 1974), cert. denied, 421 U.S. 918, 95 S.Ct. 1582, 43 L.Ed.2d 786 (1975); State v. Lindsay, 284 So.2d 377 (Fla. 1973). The issue in the instant case is whether the phrase "offering ... violence" is vague and indefinite so as to inadequately define the prohibited activity under section 843.01.
In this context, the common understanding of the word "offer" is the major factor in the instant statutory analysis. "Offer," as a noun, is defined as a "proposal to do a thing." Black's Law Dictionary 1233 (4th ed. 1968). The verb "offer" is defined "to make a proposal to," Blacks; "to try to begin or exert ... (don't shoot unless they [offer] violence)," Webster's Third New International Dictionary 1566 (1971). Case law in other jurisdictions has defined "offer" in similar fashions.[2]
In addition to the literal definition of the phrase, it is also important to note that "offer" is a term commonly employed in our criminal statutes. Among these, it is a criminal offense to "offer to commit" prostitution, section 796.07(3)(a); to "offer" a bribe, section 838.016; to "offer" to sell obscene materials, section 847.014(2)(b)(2); to "offer" to sell fireworks, section 791.02; to "offer" to sell lottery tickets, section 849.09(g). Florida Statutes (1977). The construction of "offer" in these statutes appears wholly consistent with the forementioned definitions.
The alleged ambiguity of the phrase "offering ... violence" must be considered within this overall framework. We acknowledge the general definitions of the word "offer"; we note that the phrase is included in section 843.01, entitled "Resisting an officer with violence to his person"; and we are cognizant of the statutory scheme in which the word "offer" is commonly used to define criminal activity.
The appellant, while armed or having the immediate ability to be armed, threatened to shoot police officers who were present and attempting to perform a lawful arrest. By his conduct appellant proposed or threatened to inflict violent harm to the officers, indicating a willingness and having the capacity to achieve that result. We find that a person of ordinary understanding and intelligence would find this conduct to be prohibited by section 843.01. We note that it is not necessary that the statute detail all aspects and specifications of the behavior to be proscribed. Bell v. State, 289 So.2d 388 (Fla. 1973); Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972). There is a presumption *684 of constitutionality inherent in any statutory analysis, State v. Bales, 343 So.2d 9 (Fla. 1977), and the arguments advanced by the appellant are not adequate to overcome that presumption. In our view section 843.01 is sufficiently definite and is constitutional. The judgment of the trial court is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG and ALDERMAN, JJ., concur.
NOTES
[1] Art. V, § 3(b)(1), Fla. Const.
[2] People v. Blake, 179 Cal. App.2d 246, 251-53, 3 Cal. Rptr. 749, 754-55 (1960); State v. I.A. Grant Co., 158 Minn. 334, 337-39, 197 N.W. 738, 739-40 (1924); State v. Woodward, 182 Mo. 391, 408-09, 81 S.W. 857, 861-62 (1904); State v. Miller, 182 Mo. 370, 383-86, 81 S.W. 867, 871-72 (1904); Beck v. State, 172 Tex. Crim. 534, 538, 360 S.W.2d 410, 413 (1962).