PER CURIAM.
This is an appeal from an order denying a motion to correct .a sentence addressed to the trial court pursuant to Florida Rule of Criminal Procedure 3.850. .
Appellant was seventeen years old when he was taken into custody as a juvenile offender. On December 6, 1977, jurisdiction of the juvenile court was waived pursuant to Section 3‘9.02(5)(a), Florida Statutes (1977) and he was charged as an adult with the offense of burglary of a structure and grand larceny which was alleged to have occurred on May 17, 1976. On October 26, 1978, defendant entered a plea of guilty to burglary of a structure and grand larceny. On January 4, 1979, he was sentenced on the burglary charge to five years in the state penitentiary and on the grand larceny charge to five years probation which was to run consecutively with the prison sentence. After expiration of the appeal period, defendant petitioned the trial court to vacate the sentence imposed and to impose sentence upon him as a youthful offender pursuant to provisions of Section 39.111(6), Florida Statutes (Supp.1978) and Chapter 958, Florida Statutes (Supp.1978), both of which became effective October 1, 1978.[1]
The sentence which was originally passed upon defendant as an adult was well within that authorized pursuant to Section 775.082, Florida Statutes (1975). The repeal or amendment of a criminal statute does not affect prosecution or punishment for any crime previously committed. Art. X, § 9, Fla.Const.; Castle v. State, 305 So.2d 794 (Fla.4th DCA 1974), aff’d, 330 So.2d 10 (Fla.1976).
Affirmed.

. Ch. 78-414, § 16, Laws of Fla. and Ch. 78-84, Laws of Fla.