464 So.2d 667 (1985)
STATE of Florida, Appellant,
v.
Mary Elizabeth WILSON, Appellee.
No. 84-1104.
District Court of Appeal of Florida, Second District.
March 6, 1985.
Jim Smith, Atty. Gen., Tallahassee and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
*668 Daniel Joy, Sarasota, for appellee.
RYDER, Chief Judge.
The state appeals a county court order which granted appellee's motion to dismiss two counts of an information and which also declared a state statute to be unconstitutional. We have jurisdiction. Art. V, § 4(b)(1), Fla. Const.; § 26.012(1), Fla. Stat. (1983); Fla.R.App.P. 9.030(b)(1)(A).
Appellee was arrested for having approximately seventy-seven poodles in cages in the back of a van without food, water and sufficient air. The state alleged in Counts II and III of the information that appellee violated sections 828.13(2)(a) and (b), Florida Statutes (1983).[1] In her motion to dismiss, appellee alleged that the phrases "sufficient quantity of good and wholesome food and water" and "[k]eeps any animals in any enclosure without wholesome exercise and change of air" as contained in sections 828.13(2)(a) and (b) were void for vagueness. In the alternative, she alleged that there were no material disputed facts and that the undisputed facts did not establish a prima facie case of guilt.
After a hearing, the court issued an order granting appellee's motion to dismiss Counts II and III, therein holding that because a person of common intelligence would have to guess at what conduct constituted a failure to supply an animal with a sufficient quantity of good and wholesome food and water, as well as what were the requirements regarding how frequently an animal must be exercised or when the air in the area of confinement must be changed, sections 828.13(2)(a) and (b) were unconstitutionally void for vagueness. We reverse.
There is a presumption of constitutionality inherent in any statutory analysis. Scullock v. State, 377 So.2d 682, 683-84 (Fla. 1979). As long as the language of the statute conveys sufficiently definite warnings of the proscribed conduct when measured by common understanding and practice, it is not unconstitutionally vague. See Gardner v. Johnson, 451 So.2d 477, 478 (Fla. 1984). (emphasis added) The provisions in this statute are definite enough to apprise persons of common intelligence of the proscribed activities. The prohibitions against depriving an animal of sufficient food, water, air and exercise, when measured by common understanding and practice, are not unconstitutionally vague. It would be impossible to draft a statute to encompass all situations in which treatment of an animal would be cruel because of the deprivation of any of the above elements.
Despite our ruling on the constitutionality of the statute, appellee urges us to affirm the dismissal of the information on the ground that the state did not establish a prima facie case of guilt. However, we cannot affirm the dismissal because the trial judge did not rule on the merits of that issue. Therefore, our reversal is based strictly upon the constitutionality of the statute.
Reversed and remanded for further proceedings consistent with this opinion.
SCHEB and SCHOONOVER, JJ., concur.
NOTES
[1] Section 828.13(2), Florida Statutes (1983), provides:

(2) Whoever:
(a) Impounds or confines any animal in any place and fails to supply the animal during such confinement with a sufficient quantity of good and wholesome food and water,
(b) Keeps any animals in any enclosure without wholesome exercise and change of air, or
(c) Abandons to die any animal that is maimed, sick, infirm, or diseased, is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or by a fine of not more than $5,000, or by both imprisonment and a fine, or as provided in s. 775.084.