Michael K. REILLY, Petitioner;

v.

STATE of Florida, DEPARTMENT OF CORRECTIONS, Robert A. Butterworth, Attorney General, Respondents.

No. 90–183–CIV–FtM–17(D).

United States District Court,
M.D. Florida,
Ft. Myers Division.

March 31, 1994.

954

Michael K. Reilly, pro se.

Elaine L. Thompson, Atty. General's Office Dept. of Legal Affairs, Hollywood, FL, for respondents.

### ORDER

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Michael K. Reilly, Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) and the State of Florida, et al., Respondents' Response to the Petition for Writ of Habeas Corpus (Docket No. 38).

### I. PROCEDURAL HISTORY

Petitioner Michael K. Reilly was charged by information with two counts of making a written threat to kill or do bodily injury pursuant to § 836.10, Florida Statutes (1985); two counts of corruption by threat against a public servant pursuant to § 838.021, Florida Statutes (1985); and one count of carrying a concealed weapon pursuant to § 790.01, Florida Statutes (1985). Petitioner waived his right to a jury trial and proceeded to a bench trial in the Twentieth Judicial Circuit in and for Lee County, Florida. On October 27, 1987, Petitioner was found guilty on all five counts.

On December 14, 1987, the Florida trial court sentenced Petitioner to two years and eleven months incarceration on the first count of corruption under § 838.021 and to five years probation on the second count of corruption. The trial court also sentenced Petitioner to ten years probation on each of the two counts of making a written threat under § 836.10, and to five years probation for the concealed weapon charge under § 790.01. The trial court ordered that the sentences run consecutively, resulting in a total sentence of two years and eleven months incarceration and thirty years probation for all five counts.[1] Petitioner brought a direct appeal of his sentence before the Flor-

---

1. Petitioner is presently serving his 30-year probation sentence in Lee County, Florida. Petitioner was incarcerated prior to the imposition of this sentence and this time was credited to the two year and eleven month sentence.

ida Second District Court of Appeal. The issues raised on appeal included: (1) Section 838.021, Florida Statutes was unconstitutional; (2) Section 836.10, Florida Statutes was unconstitutional; (3) Section 790.01 was unconstitutional and has been impliedly repealed by the legislature; (4) the conviction under both §§ 838.021 and 836.10 constituted double jeopardy; (5) Appellant Reilly was justified in using deadly force to defend against the illegal orders of the court; (6) the trial court erred in denying Appellant Reilly's motion to proceed *pro se* at trial; and (7) the trial court erred in using a category nine scoresheet instead of a category four scoresheet. No other motions for post-conviction relief have been filed in this case. On April 2, 1990, the Florida appellate court summarily affirmed Petitioner's convictions without a written opinion. *See Reilly v. State,* 561 So.2d 1154 (Fla. 2d DCA 1990).

On June 26, 1990, Petitioner, acting *pro se,* filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (1988). The statute provides in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the constitution or laws or treaties of the United States.

Petitioner raises several grounds in his petition including: (1) Sections 838.021, 836.-01, and 790.01, Florida Statutes (1985), are unconstitutional; (2) Petitioner's convictions under both §§ 838.021 and 836.10 constitute double jeopardy; (3) Petitioner's convictions under §§ 838.021, 836.10, and 790.01 were against the weight of the evidence and Petitioner was justified in using deadly force to defend against an illegal order of the court; (4) trial court erred in denying Petitioner's motion to proceed *pro se* at trial; and (5) trial court erred in using a category nine scoresheet instead of a category four score-

sheet which resulted in a higher guideline sentence.

■ On May 16, 1991, the district court dismissed Petitioner's Petition for Writ of Habeas Corpus without prejudice.[2] Petitioner appealed the dismissal to the United States Court of Appeals for the Eleventh Circuit. The issue before the Eleventh Circuit was whether Petitioner had exhausted his available state remedies. The exhaustion rule is satisfied when the state courts have had the opportunity to review and correct a defendant's federal constitutional rights. 28 U.S.C. § 2254(b), (c); *Castille v. Peoples,* 489 U.S. 346, 348, 109 S.Ct. 1056, 1058, 103 L.Ed.2d 380 (1989). Under Florida law, a facial challenge to a state statute may be raised for the first time on appeal of a criminal conviction. *Alexander v. State,* 477 So.2d 557, 559 (Fla.1985). The Eleventh Circuit found that Petitioner raised the facial challenges and the double jeopardy claims in his brief to the Florida Second District Court of Appeal which satisfied the requirements of 28 U.S.C. § 2254(c). *See also Castille,* 489 U.S. at 349–50, 109 S.Ct. at 1059–60. The Eleventh Circuit reversed and remanded this case to this Court on June 29, 1992 (Docket No. 33).

A Federal Public Defender was appointed by Magistrate Judge George Swartz to represent Petitioner in this action on April 23, 1993 (Docket No. 42). A pre-evidentiary hearing conference was scheduled before Magistrate Judge Swartz for July 12, 1993 (Docket No. 43). However, Petitioner filed a Motion of Formal Notice of Self–Representation & Waiver of Counsel (Docket No. 44) and an Objection to Appointment of Counsel (Docket No. 45). Magistrate Judge Swartz granted Petitioner's motions and found the case should proceed to a ruling on the merits by a United States Federal District Judge (Docket No. 46).

## II. DISCUSSION

■ Petitioner's issues raised in the original petition continue before this Court.

---

2. Incident to this order, the district court adopted and incorporated by reference the report and recommendation of the magistrate judge. The magistrate judge found that the

claims regarding the facial challenge to two of the three Florida statutes and the double jeopardy claim had not yet been presented to the state courts.

Before discussing the merits of the case, this Court must determine if Petitioner is "in custody" for purposes of 28 U.S.C. §§ 2241(c) and 2254. As the Supreme Court held in *Peyton v. Rowe*, a prisoner serving consecutive sentences is "in custody" under any one of the sentences for purposes of § 2241(c)(3). *Peyton*, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968). A prisoner placed on parole is also considered "in custody" during the unexpired term of his sentence because his release from physical confinement is not unconditional. *Jones v. Cunningham*, 371 U.S. 236, 242, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963). However, a habeas petitioner is not "in custody" when the sentence imposed for that conviction has fully expired at the time his petition was filed. *Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989); *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968).

■ Petitioner Reilly filed the Petition for Writ of Habeas Corpus after the sentence on the first count of corruption by threat against a public servant had been fully credited through time spent in jail prior to sentencing. Petitioner is currently serving a 30–year probation sentence and is only challenging this portion of his sentence. As the Supreme Court noted in *Jones*, this probationary restraint is within the meaning of "in custody." Petitioner has exhausted his state remedies and is "in custody" for purposes of §§ 2241 and 2254, therefore, Petitioner's claims on the remaining counts are properly before this Court.

### A. Constitutional Challenges to Florida Statutes

In Ground one, Petitioner alleges that §§ 838.021, 836.10, and 790.10, Florida Statutes, are unconstitutionally vague and overbroad. In addition, Petitioner contends that § 838.021 violates his constitutional right of free speech and that it exceeds the power of the state legislature because it imposes an incarcerative sanction that is greater than the sanction possible for comparable federal law; that § 836.10 is in violation of the Eighth Amendment's proscription against cruel and unusual punishment; and that

§ 790.01 has been impliedly repealed by the state legislature.

■ This Court will first address Petitioner's argument that the statutes are vague and overbroad. In a facial challenge to a law on the basis of overbreadth and vagueness, a court's first task is to determine whether the law reaches a substantial amount of constitutionally protected conduct. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494–95, 102 S.Ct. 1186, 1191–92, 71 L.Ed.2d 362 (1982). There must also be a realistic danger that the statute will significantly compromise recognized First Amendment protections of parties not before the court. *City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 801, 104 S.Ct. 2118, 2126, 80 L.Ed.2d 772 (1984). If the law does not reach constitutionally protected conduct, then the overbreadth challenge must fail. *Hoffman*, 455 U.S. at 494–95, 102 S.Ct. at 1191–92.

■ A law that does not violate the overbreadth test may still be challenged on its face as vague, in violation of due process. *Hoffman Estates*, 455 U.S. at 497–98, 102 S.Ct. at 1192–93. A law is impermissibly vague if it is vague in all of its applications. *Id.* A statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct the statute proscribes. *United States v. Hutson*, 843 F.2d 1232, 1235 (9th Cir.1988); *State v. Wilson*, 464 So.2d 667, 668 (Fla. 2d DCA 1985).

#### 1. Claims Involving Section 838.021, Florida Statutes

##### Vagueness

Petitioner alleges that § 838.021 is vague because it violates constitutionally protected speech. The statute provides:

(1) Whoever unlawfully harms or threatens unlawful harm to any public servant, to his immediate family, or to any other person with whose welfare he is interested, with the intent or purpose:

(a) To influence the performance of any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of the public servant, in violation

of a public duty, or in performance of a public duty.

(b) To cause or induce him to use or exert, or procure the use or exertion of, any influence upon or with any other public servant regarding any act or omission which the person believes to be, or the public servant represents as being, within the official discretion of the public servant, in violation of a public duty, or in performance of a public duty.

(2) Prosecution under this section shall not require any allegation or proof that the public servant ultimately sought to be unlawfully influenced was qualified to act in the desired way, that he had assumed office, that the matter was properly pending before him or might by law properly be brought before him, that he possessed jurisdiction over the matter, or that his official action was necessary to achieve the person's purpose.

(3)(a) Whoever unlawfully harms any public servant or any other person with whose welfare he is interested shall be guilty of a felony of the second degree....

(b) Whoever threatens unlawful harm to any public servant or to any other person with whose welfare he is interested shall be guilty of a felon of the third degree....

 Federal courts recognize that threats to injure persons are legislatively proscribable, falling within that group of expressions which are not constitutionally protected. *United States v. Hutson,* 843 F.2d 1232 (9th Cir.1988); *United States v. Quinn,* 514 F.2d 1250, 1268 (5th Cir.1975). The Florida courts are in agreement. In *State v. Slaughter,* 574 So.2d 218 (1st DCA 1991), the First District Court of Appeal held that § 838.021 was not unconstitutional. The Florida district court found the statute properly related to proscribed threats to public servants in an intent to influence or effect the performance of the public servant's duties. *Id.* at 220. Additionally, the Fifth District Court of Appeal stated that the statute provides protection to public servants from coercion or unlawful influence in the performance of public duty. *Bragg v. State,* 475 So.2d 1255 (Fla. 5th DCA 1985). Section 838.021 gives adequate notice to ordinary citizens concerning the statute's proscribed conduct. Therefore, the statute is not unconstitutionally vague.

### Overbreadth

 Petitioner argues that the term "harm" as used in § 838.021 and as defined in § 838.014 is subject to many interpretations and therefore is overbroad. Section 838.021 prohibits threats to influence a public servant in the performance of a public duty. *Smith v. State,* 532 So.2d 50, 52 (Fla. 2d DCA 1988). Because of the statute's limited objectives and because threats to injure persons are not constitutionally protected, no First Amendment rights are compromised by legislation prohibiting such threats. Accordingly, § 838.021 is not overbroad.

### Legislative Power

 Petitioner also argues that the sentence imposed for violating § 838.021 exceeds the power of the state legislature because the penalty is two and one-half times the sentence for a comparable federal statute. The federal extortion statute, 18 U.S.C. § 876, provides for a maximum term of twenty years imprisonment and $5,000 fine. Section 838.021 provides for a maximum penalty of five years imprisonment and a $5,000 fine for the third degree felony of sending threatening letters. *See* §§ 775.082, 775.083, Florida Statutes (1985). Therefore, the maximum penalty under state law is less than the possible penalty under federal law. Petitioner was sentenced to two years and eleven months imprisonment on the first count of violating § 838.021 and to probation on the second count. In light of the maximum penalty available by the federal court for a similar crime, the sentence proscribed by the statute does not exceed the power of the state legislature.

*2. Claims Involving Section 836.10, Florida Statutes*

### Vagueness

Petitioner alleges that § 836.10 is vague, overbroad, and in violation of the Eighth

Amendment's proscription against cruel and unusual punishment.[3] The statute provides in part:

> If any person writes or composes and also sends or procures the sending of any letter or inscribed communication, so written or composed, whether such letter or communication be signed or anonymous, to any person, containing a threat to kill or to do bodily injury to the person to whom such letter or communication is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter or communication is sent, the person so writing or composing and so sending or procuring the sending of such letter or communication, shall be guilty of a felony of the second degree....

■ Petitioner asserts that § 836.10 is unconstitutionally vague without argument or citation to case law. In *Smith v. State*, the Florida Second District Court of Appeal specifically upheld § 836.10 in the face of a vagueness challenge. 532 So.2d 50 (Fla. 2d DCA 1988). Citing *State v. Wilson*, 464 So.2d 667, 668 (Fla. 2d DCA 1985), the District Court held that as long as the language of the statute conveys sufficiently definite warnings of the proscribed conduct when measured by common understanding and practice, it is not unconstitutionally vague. *Smith v. State*, 532 So.2d 50 (Fla. 2d DCA 1988). The statute in question is definite enough to apprise persons of common intelligence of the proscribed activities. Therefore, § 836.10 is not unconstitutional due to vagueness.

### Overbreadth

■ As discussed above, threats to kill or do bodily harm are legislatively proscribable and are not constitutionally protected. *United States v. Hutson*, 843 F.2d 1232 (9th Cir.1988); *United States v. Quinn*, 514 F.2d 1250, 1268 (5th Cir.1975). Because of the limited objectives of § 836.10 and because threats to injure persons are not constitutionally protected, the statute cannot be considered overbroad.

### Eighth Amendment Claim

■ Finally, Petitioner argues the sentence under § 836.10 is in violation of the Eighth Amendment which proscribes cruel and unusual punishment. A sentence is excessive if it is "grossly disproportionate." *Harmelin v. Michigan*, 501 U.S. 957, ——, 111 S.Ct. 2680, 2683, 115 L.Ed.2d 836 (1991). Probation is presumptively less severe than incarceration. *See generally* § 948.01, Florida Statutes (1985). Petitioner could have received up to a fifteen year prison term, but only received probation. Therefore, Petitioner's sentence under § 836.10 is not grossly disproportionate or in violation of the Eighth Amendment.

### 3. Claims Involving Section 790.01, Florida Statutes

Petitioner alleges that § 790.01 is unconstitutionally vague, overbroad, and has been impliedly repealed. The statute provides in part:

> (1) Whoever shall carry a concealed weapon or electric weapon or device on or about his person shall be guilty of a misdemeanor of the first degree....

> (2) Whoever shall carry a concealed firearm on or about his person shall be guilty of a felony of the third degree....

> (3) Nothing in this section shall relate to persons licensed as set forth in ss. 790.05 and 790.06.

### Vagueness

■ Petitioner alleges that § 790.01 is vague because it establishes no specific determinable standard of guilt. The Florida Supreme Court held § 790.01 was constitutional in the face of vagueness challenges. *Alexander v. State*, 477 So.2d 557, 560 (Fla. 1985). The statute gives adequate notice to people of ordinary intelligence concerning what conduct it prohibits, therefore the statute is not unconstitutionally vague.

---

**3.** Petitioner also argues that § 836.10 is invalid because it lacks a "postal nexus." This argument is without merit and will not be addressed by this Court.

## Overbreadth

Petitioner did not assert any constitutionally protected conduct that may be affected. This Court cannot ascertain what Petitioner's argument may be, therefore this claim must fail.

## Repeal

 In 1987, the legislature repealed § 790.01(3). This subsection is not at issue in this case. This partial repeal does not affect Petitioner's conviction. *Skinner v. State*, 383 So.2d 767, 768 (Fla. 3d DCA 1980), Art. X, § 9, Fla. Const.

### B. Claims Involving Double Jeopardy Violations

In Ground two, Petitioner alleges that the convictions under §§ 838.021 and 836.10 constitute fundamental error in violation of the Fifth Amendment's prohibition against double jeopardy. Petitioner cites to *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), in support of his argument. In *Blockburger*, the Supreme Court held that two offenses are the same unless each requires proof of an additional fact which the other does not. *Id.* at 304, 52 S.Ct. at 182. Petitioner argues there is no proof of fact required under § 836.10 which is not already required under § 838.021.

 The elements of proof for conviction under § 838.021 require that the unlawful threat be made against a public servant in order to induce him or her to perform an act in violation of a public duty. The element of proof for conviction under § 836.10 only requires that a written threat be made to any individual. Section 838.021 requires that the target be a public servant while § 836.10 does not. Section 836.10 requires that the threat be written while § 838.021 does not. Therefore, under the guidelines set forth in *Blockburger*, because each statute requires proof of at least one element that the other does not, no double jeopardy violation has occurred.

### C. Claims Regarding the Sufficiency of the Evidence

 In Ground three, Petitioner alleges that the trial court erred in denying his motion for judgment of acquittal because his defense in the trial court was "sufficient beyond a reasonable doubt to establish his affirmative defense of justifiable use of force." As a general rule, an appellate court should not reweigh conflicting evidence. Rather, the appellate court should only review whether there was substantial, competent evidence to support the verdict. *Tibbs v. State*, 397 So.2d 1120, 1123 (Fla.1981). In a criminal case, if the evidence is insufficient then the prosecution has failed to prove the defendant's guilt beyond a reasonable doubt. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Convictions based on evidence insufficient to satisfy an element of a crime under state law is a federal constitutional issue. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979). Except in cases of fundamental error, arguments not raised in the trial court cannot be raised for the first time on appeal. *Steinhorst v. State*, 412 So.2d 332, 338 (Fla. 1982). The arguments must have been asserted on legal grounds by objection, exception, or on motion to the lower court. *Id.* Petitioner asserted a defense of insanity at trial. Because Petitioner did not present his justifiable use of deadly force argument to the trial court, a judgment of acquittal could not have been granted. Based on the record presented, this Court finds there is sufficient evidence to support the trial court's verdict.

 Petitioner cites to *Bragg v. State*, 475 So.2d 1255 (Fla. 5th DCA 1985) to advance his argument that he was justified in his actions. In *Bragg*, Defendant was charged under § 838.021 for telling a deputy sheriff to get off his land and threatening to kill the deputy. The Fifth District Court of Appeal noted that the deputy did not have a warrant or any other reason for being on Defendant's property. *Id.* at 1257. The Florida district court reversed the defendant's conviction for corruption by threat under § 838.021 because there was no evidence that Bragg did anything to corruptly influence the deputy. *Id.* However, *Bragg* is distinguishable from the facts in this case. Petitioner Reilly voluntarily wrote a threatening letter to a public servant. Unlike the situation in *Bragg*, Petitioner Reilly's letter

was sent for the purpose of influencing the judge. Therefore, Petitioner's justifiable force and sufficiency of the evidence arguments must fail.

### D. Claims Regarding the Right to Self-Representation

In Ground four, Petitioner alleges that his right to self-representation, as enunciated in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), was violated by the court's refusal to allow him to proceed *pro se* at trial. Petitioner alleges that he was competent to proceed *pro se* since he had previously represented himself in this case.

 The Sixth and Fourteenth Amendments guarantee state criminal defendants the right of self-representation. *Id.* A defendant will be permitted to represent himself only when he "knowingly and intelligently" waives the right to counsel. *Id.* at 835, 95 S.Ct. at 2541. Florida recognized a criminal defendant's right to self-representation prior to the issuance of *Faretta*. *State v. Cappetta*, 216 So.2d 749 (Fla.1968). However, the right to self-representation is not absolute. *Johnston v. State*, 497 So.2d 863, 868 (Fla.1986). In exercising that right, the Florida courts are required to make a finding that the waiver of the right to counsel is knowingly, intelligently, and voluntarily made. *Id.;* Florida Rules of Criminal Procedure 3.111(d). No waiver will be accepted where the court finds that the defendant is unable to make an intelligent and voluntary choice because of his mental condition, age, education, experience, the nature of complexity of the case, and his knowledge and experience in criminal proceedings. *Johnston*, 497 So.2d at 868.

 The trial court granted a *Faretta* hearing before trial to determine if Petitioner was competent to proceed *pro se*. The trial court determined that Petitioner, although competent to stand trial, lacked the capacity to stand trial without the benefit of counsel. Petitioner had twice previously been committed to a mental institution, including during the course of the trial proceedings (Record at 147–54); he had a tenth grade education (Trial Record at 238); he was still under the care of a psychiatrist (Trial Record at 230,

308); and he still required psychotropic medication (Trial Record at 230). In addition to Petitioner's mental impairment, Petitioner had no prior experience in dealing with criminal proceedings (Trial Record at 239), and had no prior trial court experience (Trial Record at 239). Petitioner's work experience included work as a maintenance man, stock clerk, dishwasher, cook, and construction worker (Trial Record at 239).

The trial court judge had the opportunity to review the recommendations of the psychologists as to Petitioner's mental status, to read the pleadings Petitioner had filed, and to listen to Petitioner during the pretrial court proceedings. It is clear from the record that although Petitioner had read numerous law books and statutes, he was unable to apply the law to the facts. On several occasions when asked simple questions, Petitioner gave rambling, unresponsive replies. Petitioner stated that although he had filed several suits, he did not understand the court's rulings (Trial Record at 244–45), and had difficulty in responding to questions asked during the *Faretta* hearing (Trial Record at 253–56).

In essence, the trial court was forced to decide whether Petitioner was competent to proceed without counsel even though he was legally competent to stand trial. Based on the findings of the *Faretta* hearing, Petitioner's lack of experience and knowledge in criminal proceedings, his mental impairment, his limited education and work experience, the trial court properly denied Petitioner's request to proceed *pro se* at trial.

### E. Claims Regarding the State Sentencing Procedures

 In Ground five, Petitioner alleges his sentence is illegal because the trial court used the wrong scoresheet which resulted in a higher guideline sentence. Petitioner argues that the court "split" the sentence and imposed a term of probation at the top of the guidelines which were unconstitutional as applied. A habeas petition grounded on issues of state law has no basis for habeas relief. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir.1988); *Carrizales v. Wainwright*, 699

F.2d 1053, 1054–55 (11th Cir.1983). Further, federal courts cannot review a state's failure to adhere to its own state sentencing guidelines. *Branan,* 861 F.2d at 1508. While Petitioner contends that the sentencing guidelines are unconstitutional, his argument is based solely on state law. Federal habeas review of state law is limited, even if the state grounds are discussed in constitutional terms. *Willeford v. Estelle,* 538 F.2d 1194, 1196–98 (5th Cir.1976). Therefore, Ground five is not reviewable by this Court.

It is ORDERED that Petitioner's Writ of Habeas Corpus be DENIED. The Clerk is directed to enter judgment accordingly.

DONE and ORDERED.