ALLEN, Judge.
The appellant challenges his convictions for resisting an officer with violence, battery, driving while his license was suspended or revoked, and attaching an improper tag to a motor vehicle. Because the trial court should have granted the appellant’s motion for judgment of acquittal as to the charge of resisting an officer with violence, we reverse that conviction, but we affirm the remaining convictions.
The appellant was arrested when a stop of his vehicle revealed that he was driving with no driver’s license and with a tag that was not registered to his vehicle. While being transported to the jail, the appellant began kicking the door of the police car and threatened the transporting officer, Deputy Harris. Harris stopped the police car so that he and another officer could “hog-tie” the appellant by cuffing his hands and feet to one another behind his back. The appellant was still belligerent upon his arrival at the jail, so Harris and Correctional Officer Cook left him hog-tied and they physically carried him into the jail.
The appellant argues that his motion for judgment of acquittal should have been granted as to the charge of resisting an officer with violence because the state failed to prove the crime as alleged in the information. Count II of the information charged that the appellant:
did unlawfully, knowingly, and willfully resist, obstruct or oppose a law enforcement officer, LEON COUNTY DEPUTY SHERIFF ANTHONY HARRIS AND LEON COUNTY CORRECTIONS OFFICER ED COOK, in the lawful execution of a legal duty, EFFECTING AN ARREST, MOVING THE DEFENDANT INTO THE JAIL, by offering violence or by doing violence to the officer by STRUGGLING AND THREATENING TO KILL THE OFFICERS.
As the trial court properly ruled, this count charged resistance with violence only at the jail. The undisputed evidence regarding the events at the jail established that the appellant was bound in such a manner as to be incapable of “doing violence” as specified in section 843.01, Florida Statutes (1991). The state argues, however, that the conviction can still stand because the appellant made verbal threats to the officers, which constituted “offering” to do violence in contravention of the statute.
Section 843.01 provides in pertinent part: Whoever knowingly and willfully resists, obstructs or opposes any officer ... in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, is guilty of a felony of the third degree....
(Emphasis added.)
The appellant asserts that verbal threats while hog-tied cannot as a matter of law constitute resistance with violence because he did not have the ability to follow through with his threats. We agree. In Scullock v. *144 State, 377 So.2d 682 (Fla.1979), the defendant challenged the constitutionality of section 843.01, asserting that the phrase “offering ... to do violence” was unconstitutionally vague. The supreme court rejected that challenge, determining that the common understanding of the verb “offer” was “to make a proposal to,” or “to try to begin or exert.” Id. at 683. The court then put that definition in context by relating it to the facts of the case before it:
The appellant, while armed or having the immediate ability to be armed, threatened to shoot police officers who were present and attempting to perform a lawful arrest. By his conduct appellant proposed or threatened to inflict violent harm to the officers, indicating a willingness and having the capacity to achieve that result. We find that a person of ordinary understanding and intelligence would find this conduct to be prohibited by section 843.01.
Id. (Emphasis added.) The same cannot be said in the present case. The evidence showed that the appellant was completely immobilized by the cuffs, and thus did not have “the capacity to achieve [the] result” of his alleged violent threats. The state therefore failed to present a prima facie case of resisting an officer with violence at the jail, and the trial court should have granted the appellant’s motion for judgment of acquittal on that count.
The appellant’s remaining arguments are either without merit or are rendered moot by the foregoing discussion. Accordingly, we reverse the conviction for resisting an officer with violence and affirm the remaining convictions.
WEBSTER, J., concurs.
BOOTH, J., dissents with written opinion.