[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13630
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 25, 2010
JOHN LEY
CLERK

Agency Nos. A028-861-464, A098-978-514

ROGELIO PEDRO-DOMINGO,
PETRONA MANUEL-JIMENEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 25, 2010)

Before TJOFLAT, BARKETT and WILSON Circuit Judges.

PER CURIAM:

Rogelio Pedro-Domingo and his wife, Petrona Manuel-Jimenez,[1] petition for review of the Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge ("IJ") removal order that found Pedro-Domingo ineligible for both special rule cancellation[2] and cancellation of removal[3] because he was convicted of an aggravated felony in the United States. Pedro-Domingo contends that the BIA erred in holding that his conviction for resisting an officer with violence, Fla. Stat. § 843.01, constitutes a "crime of violence" under 18 U.S.C. § 16 and therefore, an aggravated felony as defined by the Immigration and Nationality Act ("INA") § 101(a)(43), 8 U.S.C. § 1101(a)(43). Because resisting an officer with violence is an aggravated felony, we deny Pedro-Domingo's petition.

---

[1] Because Manuel-Jimenez's request for relief from removal is as a derivative spouse and she makes no independent request for any form of relief, we refer only to Pedro-Domingo and his claims.

[2] Pedro-Domingo requested relief through a special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), Pub. L. No. 105-100, § 203, 111 Stat. 2160, 2196-99. NACARA provides that a Guatemalan national who filed an application for asylum with the Immigration and Naturalization Service ("INS") on or before April 1, 1990 can obtain cancellation of removal if he or she meets certain conditions. NACARA § 203. One condition is that the applicant cannot have been convicted of an aggravated felony in the United States. NACARA § 203(f)(1)(B)(ii).

[3] Pedro-Domingo also requested relief under section 240A(b) of the Immigration and Nationality Act ("INA"), which gives the U.S. Attorney General discretion to cancel removal of persons who have been continually present in the United States for ten or more years and have been persons of good moral character during that period if they establish that removal would result in exceptional and extremely unusual hardship to a spouse, parent, or child who is a citizen or permanent resident of the United States. INA § 240A(b), 8 U.S.C. § 1229b(b)(1) (2006). However, persons convicted of an aggravated felony in the United States are ineligible for cancellation. INA § 240A(b)(1)(C), 8 U.S.C. § 1229b(b)(1)(C).

We have jurisdiction to review questions of law raised in a petition for review of a removal order under INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). We review de novo a BIA determination that a particular conviction is an aggravated felony within the meaning of the INA. Hernandez v. U.S. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008) (citing Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1360 (11th Cir. 2005)).

Pedro-Domingo argues that "resisting an officer with violence," as defined by the Florida statute under which he was convicted, does not qualify as an aggravated felony under the INA[4] because it does not require the intentional use of force against an officer to obtain a conviction.[5]

However, 18 U.S.C. § 16(b) defines "crime of violence" as:

> any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16(b). The Supreme Court held that this covers offenses that naturally

---

[4] The INA defines an aggravated felony as a crime of violence, as defined in 18 U.S.C. § 16 (but not including a purely political offense), for which the term of imprisonment is at least one year. INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). Because Pedro-Domingo does not claim that he was sentenced to a term of imprisonment of less than one year or that his crime is a purely political offense, the only issue before us is whether the offense is a crime of violence.

[5] Pedro-Domingo also claims that resisting arrest with violence does not require that the defendant intentionally harm the officer to obtain an conviction. However, under 18 U.S.C. § 16(b), the harm intended or caused by the offender's conduct is not relevant. Leocal v. Ashcroft, 543 U.S. 1, 10 n.7 (2004) ("Thus, § 16(b) plainly does not encompass all offenses which create a 'substantial risk' that injury will result from a person's conduct. The 'substantial risk' in § 16(b) relates to the use of force, not to the possible effect of a person's conduct.").

3

involve a person acting in disregard of the substantial risk that the use of physical force might be required in committing the crime, emphasizing that the relevant risk is that force will be used, not that injury or harm will result from the offender's conduct. Leocal, 543 U.S. at 10, 10 n.7. The Court also held that to be a crime of violence under 18 U.S.C. § 16(b), there must be a substantial risk inherent to the offense that the offender will actively employ force with a higher degree of intent than negligence. Id. at 11.

We use a categorical approach to determine whether a prior conviction is a crime of violence for INA removal purposes. Hernandez, 513 F.3d at 1339. That is, we look only to the statutory definition of the offense to determine whether it fits the definition of a crime of violence, rather than to the particular facts relating to an individual's crime. Id. (quoting Leocal, 543 U.S. at 7 (2004)). Unless there is a realistic probability that the statute would be applied to conduct outside the scope of 18 U.S.C. § 16(b), the offense is a crime of violence. Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007).

Under Florida law, resisting an officer with violence is a felony: "Whoever knowingly and willfully resists, obstructs, or opposes any officer . . . in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer . . . is guilty of a felony of the third degree[.]" Fla. Stat. § 843.01. To obtain a conviction, the state must prove that the

4

defendant intentionally impeded an officer's performance of his or her duties by using physical force against the officer's person or threatening or attempting to do so. Fla. Stat. § 843.01.

While a defendant need not actually use force to be convicted,[6] the statute fits the 18 U.S.C. § 16(b) definition of a crime of violence: attempting or threatening to use physical force to impede an officer's performance of his or her duties naturally involves the substantial risk that the offender will use physical force during the commission of the crime. Officers' duties include detaining suspects, breaking up fights, and other duties that routinely involve physical intervention in confrontational circumstances, making it highly likely that an attempt or threat to use force by a person interfering with the performance of those duties will escalate into the actual use of force. See Canada v. Gonzales, 448 F.3d 560, 568 (2d Cir. 2006) (reasoning that there is an increased risk that an offender who interferes with an officer's official duties will use force due to the physical and confrontational nature of those duties).

While some threats to do violence do not create a substantial risk that force would actually be used, the Florida state courts have interpreted the statute to require that the offender has the capacity to follow through on the threat to sustain

---

[6] While Pedro-Domingo points to this fact, as discussed above, an offense can be a crime of violence even if a conviction is possible in cases where the defendant did not use force, so long as the offense naturally involves the substantial risk that physical force will be used during the commission of the crime. 18 U.S.C. § 16(b).

a conviction. Kirkland v. State, 647 So.2d 142, 143-44 (Fla. Dist. Ct. App. 1994) (citing Scullock v. State, 377 So.2d 682, 683 (Fla. 1979)) (overturning conviction because hog-tied defendant did not have the capacity to follow through on his verbal threats). This limitation makes it not realistically probable that the statute will be applied to conduct that does not create a substantial risk that force might be used, and we can find no cases where the statute was applied to conduct that does not fall under the crime of violence definition.

Moreover, because the Florida statute defines resisting an officer with violence as "knowingly and willfully" resisting an officer by "offering or doing violence to the person of such officer[,]" Fla. Stat. § 843.01, it does require that the offender acts with the requisite level of intent to be a crime of violence. See Leocal, 543 U.S. at 11 (holding that 18 U.S.C. § 16(b) requires a higher level of intent than accidental or negligent conduct). As the Florida Supreme Court held, resisting an officer with violence is a general intent crime that requires the offender to act with knowledge and intent to resist, obstruct, or impede an officer. Frey v. State, 708 So.2d 918, 920 (Fla. 1998). While it is conceivable that a person could accidentally use force against an officer while intentionally impeding his or her official duties (for example, by being shoved or stumbling into an officer while refusing to submit to a legal search), we can find no examples of convictions under the statute in such circumstances. The substantial risk inherent to the offense is

6

that the offender will intentionally use force against an officer, not that force might be used accidentally or negligently. See, e.g. Scullock, 377 So.2d at 683 (reasoning that defendant's conduct indicated that he intended to act on his threat to shoot).

Under our categorical approach, Pedro-Domingo's conviction qualifies as a crime of violence under 18 U.S.C. § 16(b) and therefore, as an aggravated felony under INA § 101(a)(43)(F), 8 U.S.C. § 1101 (a)(43)(F). Accordingly, the BIA did not err in affirming the IJ's order finding Pedro-Domingo ineligible for both special rule cancellation of removal, under NACARA § 203(f), and cancellation of removal, under INA § 240A(b).

**PETITION DENIED.**