# Third District Court of Appeal

## State of Florida

Opinion filed November 4, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-835
Lower Tribunal No.18-2145
_____

**N.D., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Yery Marrero, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, C.J., and HENDON and GORDO, JJ.

HENDON, J.

N.D. appeals from a withhold of adjudication and order of probation following a plea of no contest, reserving the right to appeal the denial of a motion to declare section 836.10(1), Florida Statutes (2018), unconstitutional. We affirm.

*Facts*

In November 2018, thirteen-year-old N.D. was arrested for battery on a law enforcement officer. A few days later, N.D. sent a police officer a personal Instagram message that said:

> So yal [you all] wanna lock me up fo[r] no reason? Now I might go to f**kin trial because of yal! My f**kin life is f**kin ruined yal wanna lock me [up for] no reason so Ima give you crackas a reason to f**kin lock me up! Ima blow da PD up f**k all yal bitches.

The State did not investigate the threat but took N.D. back into custody and filed a petition for delinquency charging her with one count of making a written threat in violation of section 836.10(1), Florida Statutes. N.D. filed a motion to declare that section unconstitutional as overbroad[1] and in violation of the right to free speech. N.D. argued that because the statute does not contain any element of objective threat or subjective intent to intimidate, there is nothing to distinguish between speech that is merely blowing off steam or speech that is an actual threat to carry out harm. The trial court heard arguments on that motion in a hearing that consolidated three other

---

[1] When legislation has been drafted so that it may be applied to conduct that is protected by the First Amendment, it is said to be unconstitutionally overbroad. See Wyche v. State, 619 So. 2d 231, 234 (Fla. 1993).

cases in which the state had charged minors under the same statute and in which the defense had raised the same constitutional objection. The trial court determined that the statute was not facially unconstitutional, and N.D. proceeded to take a plea, reserving the right to appeal the constitutionality of the statute as applied.[2] The trial court withheld adjudication, ordered N.D. to eighteen months of the Successful Completion of Probation (SCOP) program with requirements of therapy and physician treatment, school, and no new offenses, among others. If N.D. successfully completed the program, the court indicated it would dismiss the charge. This appeal followed.

## *Standard of Review*

The constitutionality of a statute is a pure question of law subject to de novo review. City of Fort Lauderdale v. Dhar, 185 So. 3d 1232, 1234 (Fla. 2016). All reasonable doubts about the statute's validity must be resolved in favor of constitutionality. The Court is "obligated to accord legislative acts a presumption of constitutionality and to construe challenged legislation to effect a constitutional outcome whenever possible." Crist v. Ervin, 56 So. 3d 745, 747 (Fla. 2010) (quoting Fla. Dep't of Revenue v. City of Gainesville, 918 So. 2d 250, 256 (Fla. 2005)).

---

[2] An as-applied challenge is an argument that a law which is constitutional on its face is nonetheless unconstitutional as applied to a particular case or party because of its discriminatory effects. Miles v. City of Edgewater Police Dep't/Preferred Governmental Claims Sols., 190 So. 3d 171, 178 (Fla. 1st DCA 2016).

*Discussion*

Section 836.10(1), Florida Statutes, effective July 1, 2018, provides,

> Any person who writes or composes and also sends or procures the sending of any letter, inscribed communication, or electronic communication, whether such letter or communication be signed or anonymous, to any person, containing a threat to kill or to do bodily injury to the person to whom such letter or communication is sent, or a threat to kill or do bodily injury to any member of the family of the person to whom such letter or communication is sent, or any person who makes, posts, or transmits a threat in a writing or other record, including an electronic record, to conduct a mass shooting or an act of terrorism, in any manner that would allow another person to view the threat, commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

The statute contains two components: a person can violate the statute by sending the threatening communication specifically to another person or persons, or, more generally, in any manner that would allow another person to view the threat. N.D. was charged with violating the latter, by unlawfully transmitting a threat "to conduct a mass shooting or an act of terrorism, in any manner that would allow another person to view the threat." See Puy v. State, 294 So. 3d 930, 933 (Fla. 4th DCA 2020) (noting that the current version of the statute now punishes "the mere act of posting the threat on social media, regardless of whether it is directed to an individual.").

The statute has been held not to be overbroad. Saidi v. State, 845 So. 2d 1022, 1026 (Fla. 5th DCA 2003) (holding section 836.10 is not constitutionally infirm for overbreadth); Reilly v. State, Dep't of Corrections, 847 F. Supp. 951 (M.D. Fla.

4

1994) (applying Florida law, and holding that because of the limited objectives of section 836.10 and because threats to injure persons are not constitutionally protected, the statute cannot be considered overbroad). As threats to injure or kill are not constitutionally protected, a defendant's First Amendment rights are not violated by laws prohibiting such threats. See Smith v. State, 532 So. 2d 50 (Fla. 2d DCA 1988). Further, "courts must exercise caution in distinguishing true threats from crude hyperbole—a judgment derived from examining the totality of the circumstances." Id. at 53; see also 16A Fla. Jur 2d *Criminal Law—Substantive Principles/Offenses* § 1053.

N.D. argues that section 836.10(1) lacks any subjective intent element, and thus fails to distinguish between those acts that are merely venting anger and those that are viable threats to intimidate and do violence. N.D. refers to Sult v. State, 906 So. 2d 1013, 1022 (Fla. 2005). The appellant in Sult challenged a statute providing that any individual who wears or displays any indicia of authority which could deceive a reasonable person into believing that such item is authorized has committed a misdemeanor in the first degree. The Sult court determined that, as written, the statute criminalized the mere wearing of the items, and declared the statute unconstitutionally overbroad. See also Virginia v. Black, 538 U.S. 343 (2003) (holding cross-burning statute unconstitutional because the statute did not require that the cross burning be done with the intent to intimidate, which was the purpose

5

underlying the statute); <u>Robinson v. State</u>, 393 So. 2d 1076 (Fla. 1980) (holding statute that made it an offense to wear a mask or hood that concealed identity unconstitutionally overbroad because law was susceptible of being applied to entirely innocent activities). N.D. also relies on <u>Rodriguez v. State</u>, 906 So. 2d 1082, 1089 (Fla. 3d DCA 2004), challenging a statute that banned the wearing of any indicia of law enforcement authority regardless of the intent of the wearer, concluding that "in the absence of an intent or scienter requirement, section 843.085(1) is constitutionally infirm because it makes no distinction between the innocent wearing or display of law enforcement indicia from that designed to deceive the reasonable public into believing that such display is official."

Although the text of section 836.10 does not explicitly include a *mens rea* element, Florida courts have long held that "criminal statutes are generally read to include a *mens rea* element, even when not expressly included in the statute." <u>Siplin v. State</u>, 972 So. 2d 982, 989 (Fla. 5th DCA 2007). The Florida Supreme Court in <u>State v. Giorgetti</u>, 868 So. 2d 512 (Fla. 2004), provided that, because "guilty knowledge or *mens rea* was a necessary element in the proof of every crime" at common law, it is presumed that the legislature also intends to include a guilty knowledge element in its criminal statutes, absent an express statement to the contrary. <u>Id.</u> at 515-16. Further, criminal statutes that fail to include a *mens rea* element usually raise due process concerns, and courts are "obligated to construe

6

statutes in a manner that avoids a holding that a statute may be unconstitutional." Id. at 518. Section 836.10(1) does not contain any statement making it clear that the legislature intended to dispense with a *mens rea* requirement. See Broadrick v. Oklahoma, 413 U.S. 601, 613 (1973) (stating invalidation of state laws for facial overbreadth is a remedy that should be applied "sparingly and only as a last resort."); United States v. Williams, 553 U.S. 285, 292-93 (2008) ("Invalidating a law that in some of its applications is perfectly constitutional—particularly a law directed at conduct so antisocial that it has been made criminal—has obvious harmful effects. In order to maintain an appropriate balance, we have vigorously enforced the requirement that a statute's overbreadth be substantial, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep."). As section 836.10(1) does not contain any statement making it clear that the legislature intended to dispense with a *mens rea* requirement, and because we are obligated to construe the statute in a manner that avoids holding that the statute may be unconstitutional, we conclude that as applied, the statute is not unconstitutionally overbroad and does not violate N.D.'s First Amendment rights. See Giorgetti, 868 So. 2d at 518; Saidi, 845 So. 2d at 1026.

In a similar challenge, the defendant in State v. Cowart, No. 5D19-681, 2020 WL 740253 (Fla. 5th DCA Feb. 14, 2020), published a snapchat photo of an AR-15 rifle with the caption indicating a "show and tell" at his school. The defendant was

7

arrested and charged with sending written threats to kill or do bodily injury pursuant to section 836.10, Florida Statutes (2018). Although the trial court in <u>Cowart</u> did not address the defendant's constitutional challenge to section 836.10, the appellate court did conclude that the reasonableness of the recipient's perception of the posted threat is a matter for the finder of fact to determine. This comports with the <u>Smith</u> court's instruction to the factfinder to exercise caution in evaluating whether a publication is a viable threat or not by examining the totality of the circumstances. <u>See</u> <u>Smith</u>, 532 So. 2d at 53. In N.D.'s case, the juvenile court, after hearing argument, evaluated the totality of the circumstances and appropriately placed N.D. into a juvenile probation program with minimal requirements that, if successfully completed, will result in dismissal of the charge.

Affirmed.